Lipscomb, J.
There were two exceptions on which the motion to dissolve and dismiss was founded that it may he proper to notice.
The first is that the court had no jurisdiction, but that the jurisdiction under the 17th section of the laud law belonged exclusively to the j ustice of the peace and the six jurors. This, as au abstract proposition, is unquest.ionabl3r true, ;and it was so decided by this court in Field v. Anderson, (1 Tex. R., 427.) But, it must be recollected, the very object of the suit in this case was to enforce the observance of the principle embraced by the proposition that the right *171 to hear and determine on a right to a location, under the 17th section of the land law of 1837, belongs to the justice and the jury, and from their decision there is no appeal, but the judgment is conclusive on the parties. The .petitioner alleges that this trial had been determined in favor of his rights, yet the defendant had brought suit against him before a justice of the peace for the purpose of having the same question tried over again, and asks that the defendant and the justice shall be restrained from further action because the former decision was conclusive. He does not seek a new trial, but to avoid it as contrary to law. There can be no doubt that the former trial was conclusive on the parties if the same right is sought to be tried again. If not, the policy of the law that such disputes should be promptly and speedily settled would be •easily defeated; and there would be no end to trials as long as a justice of the peace could be found to issue a citation to the opposite party.
The second ground on which the motion was made to dissolve the injunction Is that an injunction ought not to be granted where the party has not attempted to make his defense in the court before which the subject-matter is properly cognizable. If it were admitted that the subject-matter of the complaint in the plaintiff’s petition was cognizable in the Justice’s Court, and that an appeal could be taken from its decision, the objection would seem to be well founded; but the gravamen of the charge is that the matter, having once been tried, is not again cognizable before the justice where it is sought again to be litigated; and it is to restrain this unauthorized action of the justice of the peace that the interposition of the District Court was sought by the plaintiff. It may, however, be said that he should first have offered his defense before the justice of the peace by setting up the former judgment on the same subject-matter in bar to another trial. This suggestion is certainly plausible, but it appears to me not to be souud. If the plaintiff had taken that course, and the judgment of this Justice’s Court, created for a special purpose, under the 17th section of the law, and limited in its inquiry to the trial of the right to locate, had refused to hear his defense of a former trial and decision in his favor, and decided against him, it may be doubtful if any remedy would have been left to him, as it is settled that no appeal would lie from such judgment. It would seem that this consideration ought to have sustained the jurisdiction of the District Court in this case. If, on an investigation, it was made apparent that this new suit before the justice of the peace, the subject of the plaintiff’s complaint, was intended to bring the same subject-matter that had already been decided again into litigation, the aid of the District Court, under all of the circumstances, could appropriately be invoked to restrain such irregular and illegal proceedings; and on the ascertainment of that fact the District Court ought to have perpetually enjoined such proceedings; and if not true on a hearing of the ease, the suit should then have been dismissed, and the party allowed to proceed with the trial before the justice and his six jurors.
The result of the views taken is that the court below erred in sustaining the exceptions to the plaintiff’s petition and dissolving the injunction and dis-inissing the suit. The judgment must be reversed''and the cause remanded for further proceedings, to be had in conformity with the opinion of this court.
Judgment reversed.