ELLERD v. WHITE et al.   (No. 2117.)

(Court of Civil Appeals of Texas. Amarillo. April 4, 1923. Rehearing Denied May 9, 1923.)

1. Appeal and error ⟨☞⟩185(1)—Plaintiff not refusing to proceed for special judge's lack of authority cannot question it on appeal from judgment for defendants on their cross-action.

Plaintiff refusing to proceed, after demurrers to the complaint were sustained by a special judge, before whom he appeared without objection and took exceptions to such rulings, on the ground that the trial should await the appellate court's decision on appeal from an order striking out certain paragraphs of the petition, cannot question the judge's authority to act under Rev. St. art. 1682, on appeal from a judgment for defendants.

2. Appeal and error ⟨☞⟩1106(2)—Submission on appeal set aside to permit entry of proceedings had in election of special judge essential to validity of proceedings before him.

If it be essential, under Rev. St. art. 1682, to the validity of proceedings before a special judge, that his election and qualifications be entered on the minutes by the clerk, the appellate court, in the absence of such a showing, should set aside the submission to the end that that may be done, and the record thereof brought up.

3. Judgment ⟨☞⟩297—Regular judge may hear motion filed after adjournment of term to correct judgment entered by special judge.

A motion, filed after the adjournment of a term of court presided over by a special judge, to correct a judgment entered by him, may be heard and determined by the regular judge at a later term.

4. Dismissal and nonsuit ⟨☞⟩60(1)—Suit properly dismissed on plaintiff's refusal to proceed after paragraphs of petition were stricken out.

Where plaintiff declined to proceed with the trial after paragraphs of his petition affecting only part of his cause of action were stricken out on motion and demurrer, the court properly dismissed the suit for want of prosecution, though he could not have dismissed it on plaintiff's refusal to amend the petition, and there was no error in overruling a motion to correct a judgment for defendants in their cross-action.

5. Appeal and error ⟨☞⟩195—Plaintiff, raising no objection to defendant's amended pleading as setting up new matters, cannot urge such objection on appeal.

Plaintiff answering an alleged amended pleading by defendants, before withdrawing from the case after paragraphs of the petition were stricken out, and allowing the court to try the case on such pleading without objecting that it set up new matters, cannot urge such objection on appeal from a judgment for defendants, especially in the absence of the original pleading from the record.

6. Appeal and error ⟨☞⟩733—Assignments of error as to injunctive features of judgment disregarded in absence of statement of facts.

In the absence of a statement of the proceedings and facts, assignments of error as to injunctive features of judgment may be disregarded, except in so far as they present questions as to the sufficiency of defendants' pleadings to support the judgment.

7. Appeal and error ⟨☞⟩768—Appellees' statement of evidence accepted as correct in absence of statement of facts by appellant.

In the absence of a statement of the proceedings and facts by appellant, appellees' statement of the evidence will be accepted as correct.

8. Injunction ⟨☞⟩26(5)—Equity may enjoin vexatious and unfounded suits after issue is settled by judgment.

A court of equity may enjoin the institution of vexatious and unfounded suits after the matter in issue has been settled by judgment.

9. Injunction ⟨☞⟩26(9)—Institution of further suits contesting defendants' title to land properly enjoined as useless and oppressive.

Where title to lands was confirmed in defendants by a judgment in a former suit and again confirmed and quieted by the judgment in the instant suit, the court properly enjoined the institution of further suits by plaintiff contesting defendants' title; further litigation being useless and oppressive.

10. Injunction ⟨☞⟩211—Decree enjoining further suits not construed as enjoining appeal or writ of error from judgment for defendant.

A decree enjoining further suits attacking defendant's titles to land *held* not erroneous as enjoining an appeal or writ of error from a judgment for defendants.

11. Appeal and error ⟨☞⟩1165—Premature issuance of writ of injunction not ground for reversal of judgment.

A judgment enjoining institution of further suits by plaintiff contesting defendants' titles to land will not be reversed because the writ was prematurely issued; that being the fault, not of the judgment, but of the clerk.

Error from District Court, Hale County; D. H. Culton, Special Judge.

Suit by Reuben M. Ellerd against L. A. White and others. Judgment for defendants, and plaintiff brings error. Affirmed.

M. J. Baird, of Plainview, and M. W. Stanton and A. J. Harper, both of El Paso, for plaintiff in error.

Williams & Martin, of Plainview, for defendants in error.

⟨☞⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOYCE, J. Plaintiff in error, Reuben M. Ellerd, brought this suit against L. A. White and others to set aside a certain judgment of the district court of Hale county, in cause No. 1816, to cancel certain deeds made in pursuance to such judgment, to recover various tracts of land, some of which were conveyed by deeds executed under the judgment, and some not, to cancel certain notes, etc., and to recover $77,300 actual and $100,000 exemplary damages on account of fraud alleged to have been perpetrated by the defendants in connection with the handling of said properties and other transactions affecting only personal property; said fraud being alleged to be part of a conspiracy by the defendants "to injure and crush the plaintiff and deprive him of his properties."

The defendants White, Gilbert, and Speer in their answer set up the facts as to the rendition of judgment in cause No. 1816, to which plaintiff Ellerd was a party, and their acquisition of title to certain of the lands thereunder, and also their acquisition of title to a portion of such lands by sale under judgment of foreclosure in another suit brought by the Third National Bank of Plainview. They further alleged that the present suit was brought by Ellerd maliciously for the purpose of clouding defendants' title to said property; that the property is heavily incumbered by debts created against it by the plaintiff, who is alleged to be insolvent; that by slanders against the title and the filing of this suit plaintiff is preventing defendants from disposing of said property, rendering defendants unable to protect said property against such incumbrance, and threatened foreclosure thereof; that plaintiff will continue to institute suits for the purpose of clouding defendants' title to said land. Wherefore they prayed for judgment quieting their title and restraining the plaintiff from instituting other suits affecting said property.

This suit was originally filed in May, 1921. At the ensuing August term of the court the plaintiff filed an amended petition. The court sustained exceptions to subdivision 8 of this amendment and on motion ordered that this subdivision and subdivision 3 be stricken from the petition on the ground that a new cause of action was set up in part and a new defendant attempted to be brought in, which would cause unreasonable delay in the disposition of the case. Plaintiff first took leave to amend paragraph 8 of the petition, but later declined to amend and excepted to the judgment sustaining the exceptions and the order striking out said paragraphs 3 and 8 and gave notice of appeal. The case was thereupon called for trial, and the judgment recites that the defendants announced ready for trial, and the plaintiff, "though present in person and by attorney, refused to make any announcement and said that he would not offer any evidence or fur-

ther prosecute his suit and would have nothing further to do with the trial. Whereupon the court dismissed said plaintiff Reuben M. Ellerd's petition, and the defendants, L. A. White, J. E. Gilbert, and W. W. Speer, demanded a trial upon their answer and cross-action and pleas asking affirmative relief," etc. The court then proceeded with the trial of the said cross-action, and the judgment finally entered was that the plaintiff's suit be dismissed, and that the defendants, White, Gilbert, and Speer, be quieted in their title, and that the plaintiff, Ellerd, be enjoined from "calling in question, attacking, or disparaging the titles" to the said land, "and from instituting any suit whatever in any court against the said defendants * * * in any manner attacking or questioning the validity of the respective titles now or heretofore held or claimed" by the said defendants to said lands. The trial was before a jury, and the judgment entered on peremptory instructions by the court. Plaintiff filed no motion for new trial, but during the term filed with the clerk an instrument reciting that the plaintiff thereby gave notice of appeal. Appeal, however, was not perfected, but the case has been brought to this court on writ of error.

At a subsequent term of the court the plaintiff moved the court to correct that recital of the judgment which stated that the plaintiff said that he would not further prosecute his suit, plaintiff alleging that the court sustained the demurrers, and, upon his refusing to amend, dismissed his suit. This motion was overruled.

There are a great many assignments of error and propositions thereunder, and it is not feasible for us to dispose of them separately. They are all very general and are not supported by proper statements from the record. We have, however, classified them and will dispose of them in groups.

The seventh, eighth, ninth, and tenth assignments assert that the proceedings were void in that they were had before Hon. D. H. Culton, who purported to act as special judge without authority of law, and further that, if the said D. H. Culton was duly authorized to try said cause, the proceeding for correction of judgment should have been heard by him rather than by the regular judge. It appears that the regularly elected judge was sitting at the convening of the court and heard the demurrers and motions to strike out parts of plaintiff's amended petition referred to and entered the order sustaining the one demurrer and granting plaintiff leave to amend. There is in the transcript an instrument entitled "oath of office of Special Judge D. H. Culton." This instrument contains recitals as to the sickness of the regular judge and election of D. H. Culton as special judge, followed by a statement that the special judge took the oath of office, which oath then follows, and

is signed by the said D. H. Culton, and with attestation of the clerk of the court. There is no showing that this instrument, which is entered on the minutes by the clerk, would have evidenced a substantial compliance with article 1682 of the Revised Statutes with reference to the election and qualification of the special judge, was entered on the minutes of the court. The special judge went on the bench on the day after the regular judge had acted on demurrers to plaintiff's petition and had given plaintiff leave to amend.

[1] While the special judge was on the bench the plaintiff appeared before him, without objection to his sitting in the case, and participated in the proceeding before him, by taking exceptions to the ruling on demurrers refusing to amend and giving notice of appeal. Plaintiff's refusal to further proceed in the case was not on the ground of want of authority of the special judge to act in the case, but on the claim that the trial of the case should wait the decision of the appellate court on his appeal from the order just mentioned as being made by the special judge. We do not think he can be heard to raise this question now. Shultz v. Lempert, 55 Tex. 279; Hall v. Jankofsky (Tex. Civ. App.) 29 S. W. 517.

[2] We add, however, that if we had held it essential to the validity of the proceedings had before the special judge that his election and qualification be entered on the minutes of the court by the clerk, we would feel it our duty to set aside the submission to the end that the entry of the proceedings that were had in the matter of the election of the special judge might yet be made on the minutes and record thereof brought up.

[3] The motion to correct judgment heretofore mentioned was filed after the adjournment of the court and was heard at a later term by the regular judge. We think the regular judge properly heard and determined the motion. Coles v. Thompson, 7 Tex. Civ. App. 666, 27 S. W. 46.

[4] By the first, second, fourth, tenth, eleventh, and twelfth assignments, it is asserted that there was error in the dismissing of plaintiff's suit and in the overruling of his motion to correct the judgment. The paragraphs of the petition stricken out on motion and demurrer affected only a part of plaintiff's cause of action, and the court could not have dismissed the suit on refusal of plaintiff to amend. G., C. & S. F. Ry. Co. v. Kennedy (Tex. Civ. App.) 139 S. W. 1014 (7 and 8); 6 Enc. of Pl. & Pr. p. 355. The case then stood for trial on the remaining issues. and, when the plaintiff declined to proceed with the trial, there was nothing for the court to do but to dismiss his suit for want of prosecution. Burger v. Young, 78 Tex. 656, 15 S. W. 107. The notations made by the judge on his docket at the time of plaintiff's refusal to amend reads as follows:

"Plaintiff refuses to amend, excepts, and gives notice of appeal. Plaintiff refuses to plead further or introduce evidence. This suit as to plaintiff's cause of action is dismissed. Case to trial on defendants' cross-action."

The special judge testified on the trial of the motion to correct judgment that this notation correctly stated the facts as they occurred. We are of the opinion there was no error in overruling the motion to correct the judgment.

[5] The third assignment complains that it was error for the court to proceed to the trial of defendants' cross-action because the amendment on which the action was had set up "divers and sundry new and distinct causes of action." The fourteenth assignment complains of the judgment in the most general terms as being unsupported by the pleading and evidence, etc. It does not appear that the pleading of the said defendants is an amended pleading. If it were, the original is not in the record, and we could not say that new matters were set up in it. At any rate, the pleading was on file before plaintiff withdrew from the case, and he answered it. So that the plaintiff unquestionably had notice of its filing. He sat in the courtroom and allowed the court to try the case on this pleading without raising any objection that it set up new matters. So that he cannot now urge this objection.

[6] By the fifth, sixth, fourteenth (in part), fifteenth, and sixteenth assignments it is claimed that there was error in the injunctive feature of the judgment rendered on the trial of the defendants' cross-action. The appellant makes no statement of the proceedings and facts necessary to a consideration of the assignments, and we would be warranted in disregarding them except in so far as they present questions as to the sufficiency of the pleading to support the judgment. We have already made a statement of the pleading.

[7] The evidence, according to appellees' statement thereof, which under the circumstances we accept as correct, is to the following effect: The plaintiff had, some time prior to January, 1921, conveyed the real estate in controversy to the defendants, White, Gilbert, and Speer, and thereafter brought a suit to cancel his conveyance of these lands. The lands had been conveyed in an exchange of properties between the parties, and before the suit to cancel was filed plaintiff had disposed of and used the proceeds of property conveyed to him by the defendants, White, Gilbert, and Speer, to the amount of about $33,000. Prior to the institution of such suit White, Gilbert, and Speer had also paid off incumbrances on the property conveyed to them by plaintiff, amounting to about $46,000. In this suit for cancellation, being cause No. 1816, an agreed judgment was entered on January 24, 1921, which contained the following provisions: That the

deeds from Ellerd to the defendants, White, Gilbert, and Speer, be canceled, subject to the further provisions of the judgment; that defendants, White, Gilbert, and Speer, recover of Ellerd certain sums of money aggregating about $80,000, which were decreed to constitute liens on all or portions of said property; that said lands be sold; that H. E. Skaggs be appointed commissioner to sell said property and apply the proceeds to the payment of the costs of suit, the amount adjudged to be due White, Gilbert, and Speer, and pay the balance to Ellerd. The commissioner was directed to advertise for bids and sell the land prior to April 1, 1921. All the parties at the same time executed power of attorney to the said Skaggs, authorizing him to sell and convey said property. The property was sold and conveyed by Skaggs as commissioner and as attorney in fact for Ellerd to White, Gilbert, and Speer, in pursuance to this judgment. On April 13, 1921, all parties being present at the hearing and consenting thereto, the report of the Commissioner Skaggs was approved, his sale confirmed, and he was discharged. On January 24, 1921, the Third National Bank of Plainview obtained judgment in cause No. 1903 against Ellerd and others for something over $17,000, with foreclosure of lien on all or a part of the property mentioned in the judgment in cause No. 1816. On April 7th order of sale was issued on this judgment, and on May 3d it was sold at sheriff's sale, a part of the property being bought in by White, Gilbert, and Speer, and a part of it by others. This present suit was filed on May 9, 1921, to set aside the judgment in cause No. 1816, plaintiff alleging that it and the judgment in cause No. 1903 were secured by combination of the defendants, White, Gilbert, and Speer, the said bank and others, in a conspiracy to crush plaintiff and fraudulently secure his property. It was further alleged in the petition that the defendants, White, Gilbert, and Speer, chilled the bidding on the property offered by Skaggs for sale by circulating false reports as to its value and incumbrances against it. On the trial of this cause the commissioner, Skaggs, testified that there were incumbrances against the property which he was directed to sell, amounting to $217,751.39; that he received only two bids on the property; one a bid for $122,000 clear of incumbrances, and that of the defendants White, Gilbert, and Speer for $65,000, subject to the incumbrances; that he talked to Ellerd several times about the matter, and at his request waited until the last day for him to submit better bids, which was not done. There was no evidence offered as to any effort on the part of any one to prevent bidding or a fair sale of said property by the commissioner.

[8] We need not take the time to recite the

history of the development of the jurisdiction of courts of equity to prevent a multiplicity of suits. See Pomeroy's Equity Jurisprudence, §§ 243–275. The authorities sustain the right of a court of equity to enjoin the institution of vexatious and unfounded suits after the matter in issue between the parties has been settled by judgment in a suit or suits between them. Dishong v. Finkbiner (C. C.) 46 Fed. 12, and authorities; Paterson, etc., Ry. Co. v. Jersey City, 9 N. J. Eq. 434; Pomeroy's Equity Jurisprudence (4th Ed.) § 253; notes 50 Am. Dec. 453. While we find no Texas cases directly in point on the facts of this case, the adjudicated cases in this state denote an adherence to the general principles laid down by the authorities referred to. Cannon v. Hendrick, 5 Tex. 339; Simpson v. McGuirk (Tex. Civ. App.) 194 S. W. 979; Steger Mfg. Co. v. MacMaster, 51 Tex. Civ. App. 527, 113 S. W. 337.

[9] In the case before us the title to the lands in question was confirmed in White, Gilbert, and Speer by judgment of the court in cause No. 1816. That title was again confirmed and quieted by judgment in the present suit. Further litigation of this matter by the appellant would be useless and oppressive, and we think the authorities sustain the judgment of the trial court in enjoining the institution of any further suits by the plaintiff in contest of the defendant's title to these lands.

[10, 11] We do not construe the decree for injunction as enjoining an appeal or writ of error from the judgment. If the writ of injunction was prematurely issued, that was not the fault of the judgment 'but of the clerk. Plaintiff would not be entitled to a reversal of the judgment on this account.

Affirmed.