### EBNER et al. v. NALL.

No. 2948.

Court of Civil Appeals of Texas. Beaumont.
June 3, 1936.

Rehearing Denied June 10, 1936.

Howell & Howell, of Beaumont, for appellants.

E. L. Nall and Geo. A. Weller, both of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was instituted by appellee, E. L. Nall, against appellants, Myrtle, Irma, Pauline, and Eugene Ebner, to enjoin them from prosecuting a pending suit and from instituting other suits against him, putting in issue his title to certain land described in his petition. He alleged that he held under appellants a good and perfect title to the land, that in a suit between him and them he had been awarded a final judgment to the effect that he owned the land in fee simple, and that appellants had no right, title, or claim to the land. He further alleged that the pending suit by appellants against him was vexatious and oppressive, as would be all future litigation. He prayed as follows: "Wherefore, premises considered plaintiff prays that upon a hearing hereof that this Honorable court do grant his most gracious writ of injunction enjoining and restraining the defendants and each of them and especially the defendant, Myrtle Ebner, for herself and as next friend of her children, Irma, Pauline and Eugene Ebner, from prosecuting any further suit or suits against this plaintiff involving the land heretofore described in this petition or in any way interfering with plaintiff's possession of said property; that citation be issued to the defendants to appear and answer herein showing cause why, if any, said injunction should not be granted as prayed for and that the court do enter such further orders and decrees as may be necessary to properly protect this plaintiff in his rights in the property above described as now vested in him by judgment of the District Court in cause No. 40459; that plaintiff have such other further and general relief as he is entitled to and so in duty bound will ever pray."

Appellants answered by the following plea in abatement:

"Come now the defendants in the above styled and numbered cause and move the court to abate and dismiss plaintiff's suit filed herein, upon the following grounds, towit:

"(a) Such suit is contrary to and in violation of the constitution of the state of Texas and the constitution of the United States;

"(b) The court is without authority or jurisdiction to enter an order restraining these defendants from prosecuting any suit or suits involving the property described in plaintiff's original complaint.

"(c) Plaintiff has an adequate and complete remedy at law.

"Wherefore, premises considered, defendants respectfully pray that their plea

**1006**

in abatement be in all things sustained"; and by general demurrer, general denial, and a special plea to the effect that appellee had no title to the land.

On trial judgment was entered in favor of appellee against appellants, overruling the plea in abatement and the general demurrer; and by recitations in the judgment it appeared that the case was tried on the merits and final judgment was entered in favor of appellee for all the relief prayed for.

After the entry of the judgment, the trial court approved for appellants the following bill of exception:

"Be it remembered that on the 1st day of July, A. D. 1935, the above entitled and numbered cause came on for trial, and the following proceedings took place, to-wit:

"The Honorable R. L. Murray, Judge, called the case and requested that the parties make announcements for trial, and Mr. E. L. Nall, Attorney, representing himself, announced ready for trial, and Mr. Leon P. Howell, Attorney for defendants, announced to the court that he was ready to present defendants' plea in abatement and general demurrer but was not ready to proceed upon the merits as his clients were not present, nor did he have any of defendants' witnesses present. After such announcements by attorneys representing the respective parties, the Honorable R. L. Murray, Judge, requested that the parties proceed with the hearing defendants' plea in abatement and general demurrer appearing to go to the merits of the case, and after hearing the evidence and argument of counsel upon said plea in abatement and general demurrer, and after hearing of the testimony in the case the court announced that he would take the matter under advisement and render his decision at a later time. Thereafter, on the same day, the court notified attorney for the defendants that such plea in abatement and general demurrer were by the court in all things overruled and that he had granted a permanent injunction upon the merits of the cause, stating that in his opinion such ruling by the court could dispose of the entire cause without necessity for further hearing or notice, and thereafter, on the 2nd day of July, 1935, plaintiff entered his judgment overruling defendants' plea in abatement and general demurrer and for permanent injunction, and thereafter, on the 3rd day of July, 1935, attorney for defendants appeared in open court and duly and timely excepted

to the action of the court in overruling defendants' general demurrer and plea in abatement and in rendering judgment upon the merits of the cause, granting plaintiff a permanent injunction."

### Opinion.

■ The court correctly overruled the plea in abatement and the general demurrer. The court had jurisdiction to grant appellee the relief prayed for, and the petition was not subject to the general demurrer. Cannon v. Hendrick, 5 Tex. 339; 32 C.J. p. 95, § 89; Dishong v. Finkbiner (C.C.) 46 F. 12; Dickerson v. Hopkins (Tex.Civ.App.) 288 S.W. 1103; Ellerd v. White (Tex.Civ.App.) 251 S.W. 274; Galveston, etc., Ry. Co. v. Dowe, 70 Tex. 5, 7 S.W. 368; 17 Tex.Jur. p. 14; Millers' Mutual Fire Ins. Co. v. Wilkirson (Tex.Civ.App.) 44 S.W.(2d) 787, writ refused 124 Tex. 312, 77 S.W.(2d) 1035; Simpson et al. v. McGuirk (Tex.Civ.App.) 194 S.W. 979; Smith v. Ferrell (Tex. Com.App.) 44 S.W.(2d) 962; Steger & Sons Piano Mfg. Co. v. MacMaster, 51 Tex.Civ.App. 527, 113 S.W. 337, 338. The evidence introduced on the hearing on the plea in abatement fully supported the allegations of the petition as against the plea in abatement.

■ But, as shown by the bill of exceptions, the case was not before the court on the merits, and therefore error was committed in entering a final judgment in favor of appellee. It is immaterial that appellants did not file a motion for continuance or did not state a good ground for continuance. In their statement in open court that they were not ready on the merits, but were ready on their general demurrer and plea in abatement, the court passed the call on the merits and took the announcement of the parties on the general demurrer and the plea in abatement. These pleas merely presented the issues (a) as to whether or not appellee had pleaded a good cause of action; (b) whether or not he would be able to support the allegations of his petition with pertinent testimony. On this announcement appellants were not required to controvert the fact allegations of appellee's petition.

In support of his judgment appellee suggests that appellants pleaded no special defense and, under the proof offered on the plea in abatement, judgment followed in his favor as a matter of law. A sufficient answer to this contention is to

say that, as the case was not before the court on the merits, appellants had the right to amend, and the trial court could not foreclose that right against them by a final judgment on an announcement merely on the general demurrer and plea in abatement.

Appellee advances a counter proposition to the effect that the bill of exceptions showing that the case was not tried on its merits must yield to the fact recitations of the judgment that the parties appeared and announced ready for trial on the merits, and that on the announcement of the parties judgment was entered in his favor for all the relief prayed for. Under this counter proposition appellee contends that "the duty devolved upon the defendants to file a motion to amend and correct said judgment to recite the true facts, or to file a motion for new trial based upon said erroneous recitation. The defendants did not seek to correct said judgment, but allowed the same to remain as entered by the court and filed their appeal bond appealing from said judgment. Thereafter they filed their bill of exception. We submit that the court erroneously allowed the bill of exceptions and said bill can not have the force and effect of correcting the judgment theretofore entered by the court nor can the same present any error of which this court can take cognizance." This contention is denied. The issue before us is whether or not the parties appeared and announced ready for trial on the merits. The bill of exceptions, approved by the court, reciting the facts of the announcement, must control.

The judgment of the lower court is reversed, and the cause remanded for a new trial.