**MATKINS et al. v. STATE et al.**

No. 3337.

Court of Civil Appeals of Texas. Beaumont.

Jan. 5, 1939.

Rehearing Denied Jan. 11, 1939.

Davis, Avery & Wallace, of Center, for appellants.

Wm. McCraw, Atty. Gen., and Leonard King, Asst. Atty. Gen., for appellees.

WALKER, Chief Justice.

We take the following statement of the nature and result of this suit from appellants' brief:

"This suit was filed on October 16, 1937, by Milton Ted Matkins, a minor, by and through his mother as next friend, Mrs. Lucille Johnson, Millard Matkins, Harvey Matkins and Mrs. Tommie Matkins, as the heirs and dependents at law of Milton Matkins, deceased, against the State of Texas, the State Highway Department of the State of Texas, and Angelina County, Texas, being in the nature of a personal injury suit growing out of injuries received by Milton Matkins, deceased, on or about the 12th day of December, 1936, when the car in which he was riding ran into a creek bed formerly spanned by a bridge on the old route of highway 35, in Angelina County, Texas, and near a point where the Angelina River crosses State Highway No. 35; that because of said injuries and after two days of conscious suffering, Milton Matkins died.

"That the death, injuries and suffering of said Milton Matkins, deceased, were proximately caused by various acts of negligence on part of the defendants in failing to erect proper barricades and warnings at and near the point where said bridge had been removed, all to the damage of plaintiffs in the sum of $70,000.

"That the legislature of the State of Texas as H. B. No. 366, 45th legislature, approved March 24th, 1937, effective ninety days after adjournment, passed an act with the following caption:

"'An Act granting to the defendants at law, the heirs, and legal representatives of Milton Matkins, deceased, permission to bring suit against the State of Texas, and/or the State Highway Department, and/or Angelina County, Texas, in the District Court of Shelby County, Texas, for damages sustained by reason of the death of Milton Matkins, for damages for the conscious suffering which he sustained after the injury but before his death, and for damages by way of medical services and funeral bills incurred, all on account of the negligence of the employees of the State Highway Department, and/or Angelina County, Texas; providing for place of venue; providing that such suit may be filed within two years after this Act takes effect; providing for the method of serving process and for procedure governing

the trial and determination of such suit; recognizing the liability of the State of Texas, and making appropriation for the payment of such judgment, if, as, and when finally obtained; providing for the method of compromising and settling such claims, and declaring an emergency.'

"The State of Texas and the State Highway Department of Texas filed a general demurrer and the general denial as their answer, and upon hearing on the demurrer the court below sustained the demurrer of said two defendants dismissing the case upon the failure and refusal of plaintiffs to amend. The court assigned as his reason for the sustaining the general demurrer, the unconstitutionality of said enactment as being violative of Art. 2 [3], Sec. 49; Art. 3, Sec. 44; Art. 3, Sec. 53; Art. 3, Sec. 51; Art. 16, Sec. 6; Art. 1, Sec. 3; Art. 1, Sec. 16; Art. 3, Sec. 56, constitution of the State of Texas [Vernon's Ann.St.].

"At such time plaintiffs dismissed without prejudice as to defendant, Angelina County, Texas.

"To the action of the court in sustaining the general demurrer, the plaintiffs and each of them in open court objected and excepted and gave notice of appeal, filed their affidavit in lieu of an appeal bond; and this cause is now before the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont, for review and correction."

### Opinion.

Appellants' petition was subject to the general demurrer. The Act of the Legislature, Acts 1937, c. 65, plead by appellants as the basis of their cause of action, was in violation of the following provisions of Sec. 44 of Art. No. 3 of the State Constitution: "The Legislature * * * shall not grant * * * by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law."

The State of Texas is not liable in tort for the negligence, malfeasance, misfeasance, or nonfeasance of its agents, servants or employees, committed while engaged in the performance of a governmental function, in the absence of a pre-existing law fixing such liability. An Act of the Legislature attempting to recognize or assume liability by the State, passed subsequent to the commission of a tort by its agents, servants or employees, is void and unconstitutional, as being in direct contravention of our State Constitution. In support of this conclusion we quote the following proposition from 38 Tex.Jur. 848: "In other words, the Legislature may not appropriate state money to any individual unless, at the time the appropriation is made, there is already in force some valid law constituting the claim which the appropriation is made to pay a legal obligation of the State. By such legal obligation is meant an obligation such as would form the basis of a judgment against the State in a court of competent jurisdiction in the event the State should permit itself to be sued. While there is authority to the contrary, a moral obligation will not authorize an appropriation by the Legislature, even where the State has received the benefits of the unauthorized contracts of its officers or of unauthorized taxes voluntarily paid into the treasury. The term 'pre-existing law' does not necessarily mean 'pre-existing statutory law;' a common-law right is a right under a 'pre-existing law.' Obviously a private corporation is 'any individual' within the meaning of the constitutional provision."

In support of its proposition, Texas Jurisprudence cites, State v. Wilson, 71 Tex. 291, 9 S.W. 155; Austin Nat. Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242; State v. Perlstein, Tex.Civ.App., 79 S.W.2d 143; State v. Haldeman, Tex.Civ.App., 163 S.W. 1020; Nichols v. State, 11 Tex.Civ. App. 327, 32 S.W. 452. Appellants cite, as controlling, State v. Elliott, Tex.Civ. App., 212 S.W. 695. That case is not in point; in that case the liability of the State was predicated on its acts committed while engaged in a proprietary enterprise, as distinguished from the performance of governmental functions as in the case at bar.

It follows that the judgment of the lower court, sustaining the general demurrer, should be in all things affirmed, and it is accordingly so ordered.

Affirmed.