## MORGAN v. STATE et al.
### No. 4218.

Court of Civil Appeals of Texas. El Paso. Texas.

June 18, 1942.

Rehearing Denied Sept. 17, 1942.

Alfred J. DuPerier and Adams, Hart & Daughtry, all of Beaumont (M. G. Adams, of Beaumont, of counsel), for appellant.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Wm. J. Fanning, and Edgar Pfeil, Asst. Attys. Gen., for appellees.

PRICE, Chief Justice.

This is an appeal by James I. Morgan from the judgment of the District Court of Travis County sustaining a general exception to his petition urged by the defendant State of Texas. Permission was duly granted to Morgan to sue the State prior to the institution of this action. An extended statement of the allegations of the petition,

is unnecessary. A cause of action was, beyond question, stated, unless the State was not subject to the obligation, the breach of which was charged in the petition. In consideration of the question involved in this case all allegations of matters of fact must be taken as true.

Morgan was employed by the State through R. H. Wyche, Superintendent of the Experimental Station at Amelia, Texas. The contract was verbal. It is averred that under and by virtue of such contract the State impliedly and as a matter of law agreed and obligated herself to use ordinary care to furnish him with reasonably safe appliances with which to do and perform the work of his employment; that Wyche, acting in the capacity aforesaid, furnished him a certain spray pump that was not in a reasonably safe condition; that while in the course of his employment he was carrying same in a proper manner, that same suddenly squirted the spray into his eyes. As a result, the sight of one eye was destroyed, to his damage.

If the State, under the premises of the petition, owed those nondelegable duties to Morgan which an ordinary employer owes to its employee, then the petition aptly charges a breach or breaches thereof proximately causing damage to plaintiff.

Counsel for the appellant assert as the proposition upon which the appeal is based: That the State is liable both for its contract and for the breach of its contract, the same as an individual. Appellant formulates the question posed by the appeal as follows: Is the State bound by its contract of employment voluntarily entered into with appellant and is she legally liable for the damages directly resulting from the breach of such contract?

It is conceded that the State was acting in the premises in a governmental capacity, as distinguished from a proprietary capacity; further, that the State is not liable in an action for naked tort unconnected with her contract.

The Attorney General asserts this counter-point: "Since appellees were engaged in a governmental matter at the time appellant received his injury, the State of Texas is not liable for the damages or injuries suffered by him while he was working for the Government."

If the proposition asserted by the counter-point by the State is sound, it is thought the following is deducible therefrom: The State owes no obligation to an employee working for her in the discharge of her governmental functions other than the payment of the stipulated compensation.

■ Before a discussion of the precedents cited by the respective parties, we think it well to discuss briefly the nature, quality and extent of the duties of an employer imposed by the contract of employment or arising as a consequence thereof. In this discussion the question of the power of the officers, agents and employees of the State to impose obligations upon her by their acts will not be considered.

In 29 Tex.Jur. p. 152, sec. 84, it is said: "The following duties of the employer are nondelegable so that if he entrust performance of them to a representative is none the less liable for his representative's default: (1) the furnishing and maintenance of an adequate force of competent workmen, and of physical appliances for carrying on the work, in proper condition and reasonably safe; (2) inspection of places and appliances, which is a corollary of the duty of maintenance; (3) regulation of the work by general rules; and (4) warning employees generally of dangers where this duty exists."

See also Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 135, 70 S.W.2d 397, 401.

Deducible from the authorities cited in support of the text is the further proposition that the duty to exercise ordinary care as to the matters enumerated is inescapable. The employer is an insurer that such duty be performed. It is a duty personal to the employer. It is in the nature of a warranty. Hough v. Texas & P. Ry. Co., 100 U.S. 213, 25 L.Ed. 612; Fort Worth Elevators Co. v. Russell, supra.

The case of State v. Elliott, Tex.Civ. App., 212 S.W. 695, writ refused, is strongly relied upon by appellant. This case has much in common with the case here. There, as here, the liability of the State to an employee was involved; there, as here, the breach of a nondelegable duty of an employer was the basis of the obligation sought to be enforced against the State. There is this distinction, if it be a true distinction: That there the State was engaged in activities of a proprietary character—the operation of a railroad as a common carrier. Here, the activities of the State were governmental in character. In State v. Elliott the State was held liable

for its failure to furnish a reasonably safe push car for the transportation of the plaintiff to the place of work. The opinion was largely an adoption of the brief of appellee. Two theories seem to have been adopted as sustaining liability: (1) That the State was liable for the negligence or tort, because the State owned and operated the railroad and was thus engaged in a proprietary work and was liable for its tort the same as the railroad would have been if privately owned and operated; and (2) that the State was liable because it had entered into a contract of employment with Elliott and had breached its implied agreement of the contract to use ordinary care to furnish him with a reasonably safe push car. Elliott having, by his express pleading, elected to assert his cause of action for such breach of contract.

The case of State v. Elliott, supra, has been frequently cited and distinguished, but so far as we have been able to discover, has neither been overruled nor limited, unless the case of State v. Brannan, Tex.Civ.App., 111 S.W.2d 347, in which a writ of error was refused by the Supreme Court, is a limitation thereon. This latter case will be hereafter discussed.

The cases of Brooks v. State, Tex.Civ. App., 68 S.W.2d 534, writ refused, Martin v. State, Tex.Civ.App., 88 S.W.2d 131, writ refused, Matkins v. State, Tex.Civ.App., 123 S.W.2d 953, writ dismissed, and State v. Brannan, Tex.Civ.App., 111 S.W.2d 347, are each cited, or might well be cited, as sustaining the general position of the State to the effect, in substance, that the State is not, in the absence of constitutional or statutory provision therefor, liable in tort for the negligence of its officers or agents. The soundness and correctness of this proposition is frankly conceded by appellant.

Brooks v. State, supra [68 S.W.2d 535], was an action by an employee of the State Highway Department to recover damages resulting from the negligence of a fellow employee in backing a truck and thus injuring him. It was held that the trial court properly sustained a general demurrer to the petition. In the opinion it was said, referring to State v. Elliott: "This recovery was based clearly, we think, upon the principle that the operation of such enterprise was not a governmental function, but industrial or proprietary in character; and the holding in that case is not in derogation of the well-established rules relating to strictly governmental function such as the one here involved. It does not, therefore, control the issues here presented."

We think another distinguishing feature was in the case of State v. Elliott—a nondelegable duty of employer was involved, and that in Brooks v. State, such was not the case. In Brooks v. State, plaintiff sought to hold the State for the negligent act of a fellow servant of the plaintiff.

In Martin v. State, Tex.Civ.App., 88 S.W.2d 131, writ denied, the plaintiff was an employee of a State Highway Commission. Another employee of the State negligently set off a blast whereby plaintiff was injured. The judgment of the trial court sustaining a general exception was affirmed. In the course of the opinion written for the court by Justice Higgins, the following appears:

"The plaintiff argues that in this manner the defendants breached their duty to furnish him a safe place to work, which duty was an implied contractual obligation arising out of the contract of employment. Wherefore his suit is based upon contract rather than tort and defendants liable for the damages resulting from such breach.

"In support of such theory plaintiff relies mainly upon State v. Elliott, Tex.Civ. App., 212 S.W. 695, in which a writ of error was denied."

The distinguishing feature between the case under consideration and State v. Elliott is the fact that in the case under consideration the State was acting in a governmental capacity, and in State v. Elliott, in a proprietary capacity.

In Matkins v. State, Tex.Civ.App., 123 S.W.2d 953, 954, the relationship of an employer and employee was not involved. It was sought to hold the State liable for negligence of the employees of the State Highway Department. It was held the State was not liable for their negligence. It was said, in distinguishing State v. Elliott: "That case is not in point; in that case the liability of the State was predicated on its acts committed while engaged in a proprietary enterprise, as distinguished from the performance of governmental functions as in the case at bar."

In the case of Matkins v. State, the Supreme Court dismissed the application as without merit.

In State v. Brannan, the suit was by parents to recover damages occasioned by the drowning of their minor son in Jefferson Davis State Park through the negligence of the employees of the State. A judgment in favor of the plaintiffs was reversed and rendered. In the course of that opinion this proposition is announced [111 S.W.2d 348]: "It is an old and well-established rule in this state, as well as in all other states of the Union, that a state is not, in the absence of constitutional or statutory provision therefor, liable in tort for the negligence of its officers or agents." This proposition is well-sustained by precedent and authoritatively established in our State. In the opinion written for the Court by Justice Alexander, now Chief Justice of the Supreme Court, the case of State v. Elliott was not mentioned, and we have no means of knowing as to whether or not same was considered by the court or by the Supreme Court, or even called to its attention.

If the case of State v. Elliott be authority for the proposition that the State may act in a proprietary capacity, there is a conflict in this respect. In State v. Brannan it is said: "All authority possessed by a state is that conferred on it as a sovereignty by the people and consequently it can act in no other capacity than that of a sovereignty. It is inherently and exclusively sovereign and must necessarily act as such at all times and in all capacities. As a sovereignty, it is immune from liability for torts and since it can act in no other capacity than that of a sovereignty, it is necessarily immune from liability for torts at all times and in all its capacities."

If the foregoing be a correct proposition of law, and we think it is, there is at least grave doubt as to the validity of the distinctions made in the cases of Brooks v. State, supra, Martin v. State, supra, Matkins v. State, supra, and as to the case of State v. Elliott.

In the case of State v. Elliott, supra, one of the grounds set forth as sustaining the liability of the State was unquestionably that the State was acting in a proprietary capacity. If the correct disposition of State v. Elliott be placed on the ground that the obligation enforced therein arose by virtue of the contract of employment, then there is no inconsistency of position between State v. Elliott and the case of State v. Brannan; nor is there a conflict between the cases of Brooks v. State, supra, and Matkins v. State, supra. Whether or not there is conflict between State v. Elliott and Martin v. State, depends upon whether the breach of a nondelegable duty was relied upon in Martin v. State. We think there was not the breach of a nondelegable duty relied upon.

The deposition of the case of State v. Elliott may or might be justified on the sole proposition that as to nondelegable duties owed by an employer to an employee by reason of the contract of employment, the State is bound to the same extent as a private employer. This proposition we think deducible from that case.

In respect to this last proposition we believe the case here under consideration is indistinguishable from that case. The refusal of the writ of error in State v. Elliott by the Supreme Court indicates an approval of the reasoning of the opinion. That case has neither been expressly or impliedly overruled. Even though we did not agree with the case, we would feel constrained to follow same. However, in our opinion, the proposition that the State owes to an employee the nondelegable duties of an employer is sustained by justice, logic and authoritative precedent. The employee by his contract submits to the direction of the employer; he is legally bound to carry out the directions of his employer. The right of control and direction should not be conferred without some legal obligation in respect thereto.

We think little importance is to be attached to the form of action, whether the same be ex contractu or quasi contractual. Obligations are invoked which, but for the contract, would have no existence. That the petition alleged a cause of action against the State under preexisting law, we entertain no doubt. Constitution, art. 3, §§ 44 and 49, Vernon's Ann.St.; Marshall & E. T. Ry. Co. v. Sirman, Tex.Civ. App., 153 S.W. 401, writ refused; Beck v. Texas Co., 105 Tex. 303, 148 S.W. 295; Chapman v. State, 104 Cal. 690, 30 P. 457, 43 Am.St.Rep. 158; Austin Nat. Bank v. Sheppard, Comptroller, 123 Tex. 272, 71 S.W.2d 242; 10 Tex.Jur., Contracts, secs. 182, 183, 184.

As has been herein heretofore stated, nondelegable duties are of the nature of duties the consequences of the nonperformance of which cannot be escaped by en-

trusting same to others. By virtue of the contract of employment such duties are the personal duties of the employer.

It is ordered that the judgment of the trial court be reversed and the cause remanded for trial.

WALTHALL, J., not participating.