

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 10, 1958

Honorable Robert S. Calvert          Opinion No. WW-364
Comptroller of Public Accounts
Austin, Texas                        Re:  The validity of the
                                          claim of A. G. Elder
                                          in the amount of $152.71
                                          and the authority of the
                                          Comptroller to issue a
                                          warrant in the payment
Dear Mr. Calvert:                         of same.

        Recently you requested an opinion of this office as
to whether your department is authorized to issue a warrant in
payment of a claim of Dr. A. G. Elder as provided for by S.B.
No. 115, Acts 55th Leg., R.S., 1957, Ch. 496, page 1429.  The
following facts are revealed by the file submitted with your
opinion request and by the records of the General Land Office.

        The N/2 of School Section 2 in Red River County,
located and surveyed by virtue of Certificate No. 1570, issued
to the T.C. Ry. Co., was awarded to C. L. McWilliams March 7,
1900, upon application filed in the General Land Office Sep-
tember 28, 1899, to purchase the said N/2 of Section 2 as an
actual settlor under the classification dry agriculture and
at the appraisement of $2.00 per acre.  This sale was author-
ized by virtue of Title LXXVII, Ch. 12-A, Revised Statutes of
Texas, 1895.

        On July 3, 1901, C. L. McWilliams and wife conveyed
the N/2 of Section 2 to S. G. McWilliams by deed filed in the
Land Office April 11, 1902.

        On November 4, 1902, S. G. McWilliams, assignee,
made the required proof of occupancy of the N/2 of Section 2
which proof was filed in the Land Office November 7, 1902.

        On July 12, 1902, S. G. McWilliams and wife con-
veyed the N/4 of Section 2 to W. A. Mauldin by deed filed in
the Land Office September 17, 1903 and upon the filing of such

deed the N/4 of Section 2 was segregated on the records of the Land Office and placed on a separate account in the name of W. A. Mauldin.

On January 28, 1903, S. G. McWilliams paid the interest due on the S/2 of the N/2 of Section 2 and continued to do so through 1907.

On November 7, 1908, Miss A. McWilliams paid the interest due on the land in question and continued to pay interest thereon through 1910.

On December 9, 1911, W. C. Norris paid interest thereon.

On February 11, 1913, A. G. Elder paid interest due on this land.

On December 16, 1916, A. G. Elder paid the interest due on this land.

On February 14, 1919, A. G. Elder paid the interest due on this land.

On January 3, 1920, A. G. Elder paid the interest due on this land.

On December 15, 1920, A. G. Elder paid the interest due on this land.

On January 3, 1922, Dr. A. G. Elder paid the interest due on this land.

From December 24, 1924, through 1935 interest due was paid by the following parties: Judge G. W. Barcus, Austin Dodd, Jim Jones and Harry R. Jones.

On January 6, 1943, the sale by the State of the S/2 of the N/2 of Section 2 was forfeited by the Land Commissioner for non-payment of interest.

On April 3, 1943, the Commissioner of the General Land Office received an inquiry from Dr. A. G. Elder concerning the redemption of the S/2 of the N/2, Section 2, T.C. Ry. Co. Survey in Red River County.

The Commissioner of the General Land Office replied to the aforementioned letter stating in substance that the purchase rights to the land in question had been forfeited on January 6, 1943, for non-payment of interest installments.

This letter further stated that under the provisions of Article 5326, V.C.S., forfeited school land accounts may be reinstated by the purchasers at any time within five years after forfeiture by payment of all past due interest accompanied by a written request for reinstatement.

On April 10, 1943, payment of delinquent interest in the amount of $152.71 was received by the General Land Office from Dr. A. G. Elder.

On April 13, 1943, affidavit was received in the General Land Office from Dr. A. G. Elder of Deport, Texas, which affidavit reads as follows:

"TO:   BASCOM GILES, COMMISSIONER
       OF THE GENERAL LAND OFFICE, AUSTIN, TEXAS

STATE OF TEXAS ()
County of Lamar()

Before me, the undersigned authority, on this day personally appeared _____
_____, who upon being duly sworn states on oath: That he is the owner or legal representative of A. G. Elder, Deport, Texas, the owner of the following described land in Red River County, Texas:

S/2 of N/2 2, Cert. 1570, Grantee-T.C. Ry. Co. 160 acres

That the above land has been forfeited for nonpayment of interest and affiant hereby tenders all delinquent interest and requests that this tract be reinstated in accordance with the provisions of Article 5326 of the Revised Civil Statutes of 1925.

/s/ A. G. Elder
Affiant

Deport, Texas
Address

Sworn to and subscribed before me this 12th day of April A.D. 1943.

/s/ Joe Grant
Notary Public in and for the County of Lamar, State of Texas."

On June 1, 1943, the following letter was received in the General Land Office written by Dr. A. G. Elder:

"Hon, Bascom Giles, Commissioner

Of The General Land Office

Austin, Texas.

Dear Mr. Giles:--

This is to acknowledge receipt of copy of your letter to Mr. Harry R Jones of Houston, in regard to reinstatement of the account covering the S-1/2 of N-1/2, section 2, certificate 1570, T.C. Ry. Co. survey in Red River County.

And will say in this connection, that I was appointed Administrator of The Pat B Stokey, estate at the death of Pat B Stockley who was my Uncle, in the final settlement of the estate some of the heirs were indebted to Me and the Probate Court gave Me a Lien on this land for the indebtedness of these heirs, and I was only protecting My interest in applying for this reinstatement.

With kindest regards, I am.

Sincerely.

/s/ A. G. Elder"

On April 13, 1943, pursuant to said payment of delinquent interest, affidavit of ownership and request for reinstatement, the account covering said S/2 of N/2, Section 2, was reinstated on the records of the General Land Office.

Payment of interest due November 1, 1943, and for subsequent years through November 1, 1955, was paid by Mr. D. O. Lockey of Chicota and Athens, Texas.

On November 3, 1956, full payment of all remaining principal and interest was made by D. O. Lockey of Athens, Texas, and Patent No. 385, Volume 26B was issued November 20, 1956, to S. G. McWilliams, assignee.

Senate Bill No. 115 provides in part that the following sum of money is directed to be paid out of the sum appropriated and set aside by H.B. No. 133, Acts 55th Leg., R.S., for the payment of itemized claims "to pay Arthur G. Elder,

Deport, Texas, for refund on delinquent interest on certain lands in Red River County, . . . $152.71."

Although Senate Bill 115 directs payment to A. G. Elder of the sum of $152.71 the constitutionality of said bill is put in question by the facts as above outlined.

Article 3, Section 44 of the Constitution of Texas provides in part that the Legislature shall not

"grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; . . ."

Likewise, Article 3, Section 51 of the Texas Constitution provides in part:

"Sec. 51. The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever; . . ."

Claim under pre-existing law has been held to include a common law right as well as a statutory right. Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242; Watkins v. State, 123 S.W.2d 953 (Tex.Civ.App., err. dism.).

However, we are unable to find either a pre-existing statutory law under which this claim arose or a pre-existing common law right against the State of Texas residing in Dr. Elder.

Dr. Elder paid the interest due on the purchase price of the land in question for the years 1913, 1916, 1919, 1920, 1921 and 1922. Purchase rights to the S/2, N/2 of Section 2, T.C. Ry. Co. Survey in Red River County were forfeited by the Commissioner of the General Land Office on January 6, 1943, as provided for in Article 5326, V.C.S., for non-payment of interest due on the purchase price of same.

On April 10, 1943, the Land Office received from Dr. Elder $152.71 for past due interest and penalties. On April 13, 1943, Dr. Elder filed an affidavit of ownership of this property in the General Land Office. These acts of Dr. Elder were done voluntarily, without duress, fraud, or imposition with full legal notice that the right to reinstate is restricted to "the purchaser from the State or his vendees or their heirs or legal representatives."

It is also apparent that Dr. A. G. Elder proceeded with the reinstatement in order to protect some claimed interest in this land. The reinstatement payment tendered by Dr. Elder presumably accomplished this result. It kept the land involved open to the assertion that any party might make against it rather than blot out by forfeiture and subsequent sale any inchoate rights which might have theretofore accured to Dr. Elder and attached to this land.

In any event the record is devoid of any legal predicate for payment of this claim. Under the facts as set out above, we believe no common law right can be said to arise against the State. State v. Perlstein, 79 S.W.2d 143 (Tex.Civ. App.) 1934; and see Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660; State v. Steck Co., 236 S.W.2d 866 (Tex.Civ.App., err. ref., 1951); 32 T.J. p. 727, Payments, § 48, 29 T.J. p. 715, Mistake, § 9.

Therefore, we are of the opinion that the appropriation of $152.71 to pay Dr. A. G. Elder provided for by S.B. 115, Acts 55th Leg., R.S. 1957, ch. 496, violates Sections 44 and 51 of Article III, Constitution of Texas. We advise you that you are not authorized to issue a warrant in payment of this claim.

SUMMARY

The Comptroller is not authorized to issue a warrant in payment of the claim of Dr. A. G. Elder as provided for by Senate Bill No. 115, Acts 55th Leg., R.S., 1957, Ch. 496, page 1429. To do so would be a violation of the restrictions imposed by Sections 44 and 51, Article 3 of the Constitution of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Milton Richardson*

Milton Richardson
Assistant

MR:dhs

APPROVED:
OPINION COMMITTEE
Geo. P. Blackburn, Chairman
Morgan Nesbitt
Wayland Rivers
John H. Minton

REVIEWED FOR THE ATTORNEY
GENERAL BY
W. V. Geppert