### GEORGIA CASUALTY CO. v. LACKEY et al.
### (No. 444.)

Court of Civil Appeals of Texas. Waco. Feb. 24, 1927.

Rehearing Denied May 12, 1927.

1. **Master and servant** ⟛364—Contract for workmen's compensation insurance between insurer and city held void as ultra vires (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

Contract for workmen's compensation insurance under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) between insurer and city and policy issued in pursuance thereof *held* to be ultra vires and void.

2. **Master and servant** ⟛364—City employé, claiming under void compensation insurance policy issued to city, could not enforce rights based thereon (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

City employé, claiming as beneficiary under ultra vires compensation insurance policy issued to city, under Workmen's Compensation Act

(Vernon's Ann. Civ. St. 1925, arts. 8306–8309), could not enforce any rights based thereon.

**3. Appeal and error ⬤⇒672—Where fact that defendants' recovery on claim was unwarranted in law appeared on face of record, it constituted "fundamental error."**

Where fact that claim asserted by defendants was invalid and unenforceable, and that their recovery thereon was unwarranted in law, appeared on face of record on appeal, it constituted "fundamental error."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

**4. Appeal and error ⬤⇒719(1)—Where fundamental error appears on face of record, appellate court must reverse, notwithstanding there is no assignment of error on that ground.**

Where fundamental error appears on face of record on appeal, in that defendants' claim was invalid and unenforceable, and their recovery thereon unwarranted in law, Court of Civil Appeals must reverse trial court's judgment, notwithstanding there is no assignment of error attacking it on that ground.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by the Georgia Casualty Company against Nathaniel Lackey and others to set aside a final order of the Industrial Accident Board awarding compensation to defendant named, in which defendants filed cross-action. From the judgment, plaintiff appeals. Reversed and rendered.

Geo. W. Dupree and Frazier & Averitte, all of Hillsboro, for appellant.

Morrow & Stollenwerck, of Hillsboro, for appellees.

GALLAGHER, C. J. This suit was instituted by appellant, Georgia Casualty Company, against appellees Nathaniel Lackey, J. Webb Stollenwerck, and William C. Morrow, to set aside a final order of the Industrial Accident Board awarding certain compensation to appellee Lackey, an employé of the city of Hillsboro, for injuries received by him in the course of his employment. Appellees answered, and by way of cross-action alleged that said city of Hillsboro, a municipal corporation, was a subscriber under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306 –8309), and carried a policy of insurance with appellant as provided thereby; that appellee Nathaniel Lackey was an employé of said city, and while so employed, and in the course of such employment, sustained certain injuries, entitling him to recover compensation as provided by the terms of said policy. Appellees further alleged that said Lackey had employed said Morrow and Stollenwerck, attorneys at law, to represent him in the prosecution of said cross-action, and that said attorneys were entitled to an order directing that one-third of any and all compensation allowed to said Lackey on account of said injuries should be paid to them.

The case was submitted to a jury on special issues, and upon the verdict returned in response thereto the court entered judgment in favor of appellee Lackey against appellant for the sum of $865, with interest from date of judgment and costs of suit, and directed that one-third of said recovery should be paid to appellees Morrow and Stollenwerck. Appellant here presents said judgment for review.

### Opinion.

Appellant has filed among the papers of this cause a suggestion of fundamental error apparent upon the face of the record. Said suggestion is based on the contention that the city of Hillsboro, the subscriber and employer in this case, being a municipal corporation, is not within the terms of our Workmen's Compensation Act, and that the contract between it and appellant for the issuance of said policy of insurance and the policy issued in pursuance thereof are absolutely void, and wholly insufficient to support any recovery of compensation thereunder. Appellant cites in support of this contention City of Tyler v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 288 S. W. 409, 412. The court in that case, speaking through Judge Speer, says:

"The question is, Has the Legislature power, in view of our constitutional provisions and limitations, to authorize cities and towns to make such insurance for their employés? We have, with much hesitancy, but after due deliberation, concluded that the Legislature has no such power, and that, if it had attempted to exercise such power, its act would have been void."

[1, 2] It appears from the opinion of the court in said case that a municipal corporation in this state is not only without authority to enter into a contract for compensation insurance, but that such action on its part is prohibited by certain provisions of our state Constitution. The contract for compensation insurance between appellant and the city of Hillsboro and the policy issued in pursuance thereof were therefore not only ultra vires, but also illegal and absolutely void, and no action at law can be predicated thereon. Edwards County v. Jennings, 89 Tex. 618, 620, 621, 35 S. W. 1053; Seeligson v. Lewis, 65 Tex. 215, 223, 57 Am. Rep. 593; Noel v. City of San Antonio, 11 Tex. Civ. App. 580, 33 S. W. 263, 265, 266 (writ refused). Appellee Lackey is claiming as a beneficiary under said policy. He is therefore privy thereto, and cannot enforce any rights based thereon. 13 C. J p. 508, § 458.

[3, 4] That the claim asserted by appellees in this case is invalid and unenforceable, and their recovery thereon unwarranted, in law appears on the face of the record, and therefore constitutes fundamental error. In such

cases it is our duty to reverse the judgment of the trial court notwithstanding there is no assignment of error attacking it upon that ground. Fuqua v. Pabst Brewing Co., 90 Tex. 298, 301, 38 S. W. 29, 750, 35 L. R. A. 241. The judgment of the trial court is here reversed, and judgment is here rendered for appellant.