## BROOKS v. STATE.

### No. 7934.

Court of Civil Appeals of Texas. Austin.
Feb. 15, 1934.

Rehearing Denied Feb. 28, 1934.

Oscar Frink, of San Angelo, for appellant.

Jas. V. Allred, Atty. Gen.; and Wm. N. Sands and T. S. Christopher, Asst. Attys. Gen., for the State.

BAUGH, Justice.

Pursuant to a resolution of the Legislature authorizing such suit against the state, appellant, plaintiff below, sued the state for damages for personal injuries received by him as an employee of the state highway department while repairing a state highway in Schleicher county. The injuries received were alleged to have been caused by the negligence of another employee of the state as driver of one of the gravel trucks of the state by suddenly backing same into him while engaged in repairing such highway. The recovery sought was predicated upon the negligence of such fellow employee; negligence of the state in employing and retaining in its employ such careless or incompetent driver; and in the failure of the state to carry compensation insurance under the Workmen's Compensation Law to protect its employees.

In addition to certain pleas in abatement and special exceptions, the trial court sustained a general demurrer to plaintiff's petition. Plaintiff refused to amend, and the cause was dismissed; hence this appeal.

Having reached the conclusion that the general demurrer was properly sustained, we deem it unnecessary to set out or discuss the special pleas sustained.

By the passage of the resolution authorizing this suit, the Legislature in nowise admitted nor authorized any liability on the part of the state to the appellant on the cause of action pleaded. It merely permitted him to bring suit upon such cause of action, if any he had, which he might under the law have against the state under the facts alleged. If these facts did not give him a cause of action, he was, of course, without further recourse against the state.

It is now settled that the location, designation, construction, and maintenance of state highways by the highway department

as an agency of the state is a governmental function. Robbins v. Limestone Co., 114 Tex. 345, 268 S. W. 915; Heathman v. Singletary (Tex. Com. App.) 12 S.W.(2d) 150. It is likewise settled that the state is not liable for the torts or negligence of its officers, agents, or servants engaged in the performance of a governmental function, unless it has expressly assumed such liability. 25 R. C. L. 407; 59 C. J. 194; 13 A. L. R. 1276; Adkinson v. City of Port Arthur (Tex. Civ. App.) 293 S. W. 191; Barnes v. City of Waco (Tex. Civ. App.) 262 S. W. 1081; Kling v. City of Austin (Tex. Civ. App.) 62 S.W.(2d) 689. It is not necessary for us to determine whether the Legislature has the power under the Constitution to impose upon the state liability for such damages as appellant claims. It has not undertaken to do so, and, in the absence of such legislation, it is clear that the state is not liable.

The only remaining question, and the only one apparently here urged, is that the state should have carried workmen's compensation insurance on its employees and is liable for its failure to do so. It is clear, we think, that the provisions of the Workmen's Compensation Act (article 8306 et seq., Vernon's Ann. Civ. St.) cannot apply to the state as an employer of labor. The Workmen's Compensation Act was obviously intended to apply to industrial employment. While some cases intimate that municipalities might be authorized to become subscribers to protect their employees engaged in nongovernmental functions, it has been uniformly held that a county or city in performing a function of government as an agency or subdivision of the state, and for the purpose of administering a portion of the government, does not come within the purview of the Compensation Act and is not authorized to carry such insurance. City of Tyler v. Employers Ins. Association (Tex. Com. App.) 288 S. W. 409; Adkinson v. City of Port Arthur (Tex. Civ. App.) 293 S. W. 191; Georgia Casualty Co. v. Lackey (Tex. Civ. App.) 294 S. W. 276; Southern Casualty Co. v. Morgan (Tex. Com. App.) 12 S.W.(2d) 200.

Appellant relies in large measure on the case of State v. Elliott (Tex. Civ. App.) 212 S. W. 695, 699, wherein a recovery against the state was affirmed for damages growing out of the operation by the state of a railroad. This recovery was based clearly, we think, upon the principle that the operation of such enterprise was not a governmental function, but industrial or proprietary in character; and the holding in that case is not in derogation of the well-established rules relating to strictly governmental functions such as the one here involved. It does not, therefore, control the issues here presented.

The trial court properly sustained the demurrers urged, and the judgment of the trial court is affirmed.

Affirmed.