## MARTIN v. STATE et al.
### No. 3273.

Court of Civil Appeals of Texas. El Paso.

Oct. 24, 1935.

Rehearing Denied Nov. 27, 1935.

E. B. O'Quinn, of Marfa, for appellant.

William McCraw, Atty. Gen., and Leonard King and John W. Pope, Jr., Asst. Attys. Gen., for appellees.

HIGGINS, Justice.

This is a suit by Martin against the state of Texas and the state highway commission to recover damages for personal injuries. For opinion upon a former appeal, see Martin v. State (Tex.Civ.App.) 75 S.W. (2d) 950. The present appeal is from an order sustaining pleas to the jurisdiction, and in abatement of the suit and general demurrer to the petition and dismissing the suit upon the plaintiff's refusal to amend.

Briefly stated, the facts alleged are as follows: On January 31, 1933, plaintiff was in the employ of defendants engaged in the construction of a state highway in Jeff Davis county. During the lunch hour, between 12 and 1 o'clock, and while eating lunch, plaintiff was injured by a shower of rocks from a blast of dynamite. At the time he was on the highway right of way where he was required to be. It was the rule and custom not to blast during the lunch hour. Upon the date in question he was informed by Juan Mendoza, powder man in charge of blasting operations upon the work, that a blast would be set off beginning at one. Mendoza, acting under the orders of the superintendent or assistant superintendent, and while plaintiff was eating his lunch, set off the dynamite without warning and contrary to the rule and custom not to blast during the lunch hour.

The plaintiff argues that in this manner the defendants breached their duty to furnish him a safe place to work, which duty was an implied contractual obligation arising out of the contract of employment. Wherefore his suit is based upon contract rather than tort and defendants liable for the damages resulting from such breach.

In support of such theory plaintiff relies mainly upon State v. Elliott (Tex.Civ. App.) 212 S.W. 695, in which a writ of error was denied.

132

The distinguishing feature of that case is pointed out by Justice Baugh in Brooks v. State (Tex.Civ.App.) 68 S.W.(2d) 534 (writ refused), wherein recovery was denied an employee of the state engaged in highway work for injuries negligently inflicted by a fellow employee.

The decision in the Brooks Case was based upon the settled rule that in the construction and repair of state highways the highway commission is an agency of the state exercising a governmental function and the state not liable in damages for personal injuries negligently inflicted upon employees engaged in such work by its officers, agents, and employees unless such liability has been expressly assumed.

The same ruling was made in State v. McKinney (Tex.Civ.App.) 76 S.W.(2d) 556.

The rulings in the two cases last mentioned are decisive in support of the trial court's ruling upon the demurrer.

It is unnecessary to review the ruling upon the special pleas, for the general demurrer was properly sustained and the suit therefore properly dismissed, and the petition cannot be amended so as to state a cause of action.

Justice WALTHALL did not sit in this case.

Affirmed.