## STATE v. FLOWERS.
### No. 12240.

Court of Civil Appeals of Texas. Dallas.
April 25, 1936.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for the State.

A. A. Dawson, of Canton, for appellee.

LOONEY, Justice.

By Concurrent Resolution No. 6, adopted by the Legislature in October, 1935, Oscar Flowers, appellee, was granted permission to sue the state of Texas on the claim involved herein, and the suit was filed in a justice court, appellee alleging, in substance, that certain employees of the high-

way department of the state, while clearing a public highway along the side of a pasture belonging to appellee, piled the rubbish, brush, weeds, etc., taken from the right of way upon a wire fence that separates the pasture from the highway, weighting and mashing the barb wires of the fence to the ground, injuring and damaging the fence to the extent of $50, and that through the breach made in the fence, a horse belonging to appellee, of the value of $150, escaped from the pasture, went upon the highway, and was there struck and killed by a passing automobile. Appellee prayed for the recovery of $200, the alleged value of the horse and damage to the fence.

The state, through the Attorney General, answered the suit by a general demurrer and general denial. Trial in the justice court resulted in judgment in favor of plaintiff for the amount sued for, and on appeal to the county court, by the state, the same judgment was rendered, from which the state appealed, the case being before us on two assignments of error, i. e., (1) that the trial court erred in overruling appellant's general demurrer to appellee's petition, and (2) that the court erred in rendering judgment for appellee on the facts agreed to and filed under article 2177, R. S.1925. The facts as agreed to being substantially as alleged by appellee, as heretofore stated.

"The rule is well established (25 R. C.L. § 43, page 407) that a state is not liable for the negligence or misfeasance of its officers or agents, except when such liability is voluntarily assumed by its legislature. The doctrine of respondeat superior does not prevail against the sovereign, in the necessary employment of public agents. The exemption is based upon the sovereign character of the state and its agencies, and upon the absence of obligation, and not on the ground that no remedy has been provided." The same doctrine is announced in 59 C.J. § 337, p. 194; Carpenter v. Railway Co., 184 N.C. 400, 114 S.E. 693; Downs v. Lazzelle, 102 W.Va. 663, 136 S.E. 195; Riddoch v. State, 68 Wash. 329, 123 P. 450, 42 L.R.A.(N.S.) 251, Ann.Cas.1913E, 1033; Shear v. State, 117 Neb. 865, 223 N.W. 130; Hart v. United States, 95 U.S. 316, 24 L. Ed. 479.

This doctrine was applied by our courts in a number of cases similarly brought against the state for damages resulting from the alleged negligence of the employees of the highway department, and in each instance recovery was denied. See Brooks v. State (Tex.Civ.App.) 68 S.W. (2d) 534, 535 (writ refused); State v. McKinney (Tex.Civ.App.) 76 S.W.(2d) 556; Martin v. State (Tex.Civ.App.) 88 S.W. (2d) 131 (writ refused).

In the light of these authorities, without adverting to any other question suggested by the record, we sustain the assignments urged by the state; and as the court below erred in overruling the general demurrer urged to the petition, its judgment is set aside and judgment is here rendered in favor of the state, sustaining the demurrer and dismissing appellee's suit.

Reversed and dismissed.