## GOTCHER v. STATE et al.
### No. 8524.

Court of Civil Appeals of Texas. Austin.
June 9, 1937.

E. C. Zellner, of Belton, for appellant.

Wm. McCraw, Atty. Gen., and Leonard King, Asst. Atty. Gen., for appellees.

McCLENDON, Chief Justice.

Appeal from a judgment of dismissal after sustaining a general demurrer to plaintiff's petition.

Gotcher was an employee of the state highway commission in its maintenance department. To transport its employees to and from their work the department operated a truck.

"On August 29, 1929, plaintiff while riding in said truck in the rear of the cab while same was in use in the maintenance and use upon said highway and while being driven by its driver said truck ran dry of grease and lubricant and became hot and stuck thereby suddenly stopped to a dead standstill tilting and throwing a fifty-five gallon steel gas drum filled with gas from the rear of said truck over onto and against plaintiff's foot mashing it against the floor and as a result thereof and the use and operation of said truck in the manner it did in the construction, reconstructing, maintenance and use of the public highways, defendant inflicted upon plaintiff a mangled foot, a serious and permanent injury to his instep, a transverse fracture through the neck of the second and third metatarsal bones of his foot, and his foot was then and thereby lacerated, mashed, torn and bruised, the bones broken, twisted and displaced, and the muscles, nerves and ligaments were lacerated, bruised and mashed."

The suit was by Gotcher against the state, the highway commission, and its members, and the highway department, brought under authority of House Concurrent Resolution No. 7 passed October 10, 1935 (1st C.S. 44th Leg., p. 1881).

The highway commission is a governmental agency. In the construction and maintenance of state highways it is performing a governmental function, and in so doing it is not liable for the negligent or otherwise wrongful acts of its employees. Brooks v. State (Tex.Civ.App.) 68 S.W. (2d) 534 (error ref.); State v. McKinney

(Tex.Civ.App.) 76 S.W.(2d) 556; Martin v. State (Tex.Civ.App.) 88 S.W.(2d) 131 (error ref.); Buchanan v. State (Tex.Civ. App.) 89 S.W.(2d) 239 (error ref.); State v. Flowers (Tex.Civ.App.) 94 S.W.(2d) 193.

Appellant does not controvert this proposition, but seeks to hold the commission and the state liable upon the theory that the injury to his foot and consequent loss of its use constituted a taking, damage, or destruction of his property for or an application thereof to a public use for which he was entitled to compensation under article 1, section 17, of our State Constitution, and article 14, section 1, of the Amendments to the Federal Constitution. Appellant also invokes sections 13 and 19 of article 1 of our State Constitution; the former providing that "every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law"; and the latter, that "no citizen of this State shall be deprived of life, liberty, property, privileges or immunities * * * except by the due course of the law of the land."

The allegations of appellant's petition in this regard are thus summarized in his brief:

"Appellant sued the State Highway Department for the damage to and depreciation or destruction of the value of (1) his labor and his right to labor; (2) his trade and business as a 'maintainer operator' upon the public highways; (3) the right to the use and benefit of his foot; (4) the right to contract for his physical labor and of his trade, and of others to contract with him in connection therewith; (5) his liberty; (6) the loss of his wages from August 29, 1929, to date of trial; (7) his diminished capacity to labor and earn wages in the future; (8) and for certain expenditures in connection therewith, because the State Highway Commission, without legal right, while plaintiff was in the course of performing physical labor, and his occupation as a 'maintainer operator' upon the highway while under contract so to do, mangled plaintiff's foot in such manner and extent as to cause plaintiff a permanent partial loss of its use as to cut him off of the only avenue of which he possessed in following his business as a 'maintainer operator' and his only means of a livelihood in the future, to his detriment, without his consent or the payment of any compensation, causing plaintiff a permanent loss and damage which he alleged to be of a reasonable value of Twenty Thousand Dollars."

It is manifest that appellant's asserted cause of action is one sounding in tort— recovery of damages for wrongful injury to his foot. By no course of reasoning recognized by the law can the fact situation he alleges be construed as a taking or damage of his property for or its application to a public use. The state could not, nor could it authorize any of its agencies to, injure appellant in his person for any use of the state in the construction or maintenance of its highways. Such injury to be compensable must be wrongful,. and a cause of action based thereon must. necessarily be one sounding in tort.

As a matter of public policy, it may be urged with much force that the: state should afford reasonable compensation to its employees injured in its serv-. ice. Unless and until the state assumes. such liability (a subject solely within the legislative province), it cannot be imposed by the courts. The doctrine of respondeat superior does not apply to the state or to its agencies engaged in performing governmental functions. The authorities are uniform upon this subject. 59 C.J. p. 194, § 337; 25 R.C.L. p. 407, § 43.

The trial court's judgment is affirmed.

Affirmed.