**STATE v. BRANNAN et ux.**

**No. 1941.**

Court of Civil Appeals of Texas. Waco

Nov. 18, 1937.

Rehearing Denied Dec. 23, 1937.

William McCraw, Atty. Gen., and Wm. Brown and Sam Lane, Assts. Atty. Gen., for appellant.

Jno. Abney, of Hillsboro, for appellees.

ALEXANDER, Justice.

Donald Ray Brannan, age eleven, was drowned in Jefferson Davis State Park in Hill county in 1935. The parents of the deceased child, with the consent of the Legislature, brought this suit against the state to recover the pecuniary damages sustained by them as the result of the death of said child. A trial before the court without a jury resulted in judgment for plaintiffs for the sum of $3,274.15. The state appealed.

This appeal presents the sole question as to whether the state is liable in damages for the alleged negligence of the state park board and its agents and representatives having charge of the state parks of this state. The trial court found, in substance, that Jefferson Davis State Park is owned by the state of Texas and operated by it through the state park board as a part of its statewide system of parks so owned and operated for the benefit of the people; that said park board, in the improvement of the park in question, caused a large tank to be dug therein for the accumulation of water; that after said tank had become filled with water, said board and its local agents in immediate charge of said park negligently failed to fence the pool of water and to provide warning signs to show the depth of the water and life guards to supervise the use of the pool; that said child was attracted to the pool and, while attempting to wade therein, was drowned as a result of said negligence; that said park board derives some revenue from the granting of concessions in some of the public parks operated by it, but that no revenue was ever derived from the granting of concessions in the park in question and no charges were ever made for admissions thereto or for the use or enjoyment of any of its attractions or facilities. Based upon these findings, appellees contend that the state of Texas is liable in damages in tort for the negligence of its agents in charge of said parks. This exact question does not

appear to have been heretofore decided in Texas.

■ The state park board is not an independent corporation or institution operated for financial gain, but is an agency of the state authorized to and charged with the responsibility of acquiring and maintaining a system of public parks for the benefit of the people generally, for the benevolent purpose of promoting the health, happiness, and general welfare of its citizens. R.S. arts. 6067, 6068. It is an old and well-established rule in this state, as well as in all other states of the Union, that a state is not, in the absence of constitutional or statutory provision therefor, liable in tort for the negligence of its officers or agents. 59 C.J. 194; 25 R.C.L. 407; State v. Flowers, Tex.Civ.App., 94 S.W.2d 193; Brooks v. State, Tex.Civ.App., 68 S.W.2d 534, and authorities there cited; Martin v. State, Tex.Civ.App., 88 S.W.2d 131. This is said to be a rule of necessity, for if the government should undertake to guarantee to the public the carefulness of all its officers, agents, and employees, it would soon become involved in endless embarrassments, difficulties, and losses which would be so subversive to the public interest as to compel it to abandon all but the bare essentials of a public government. While the application of such rule may appear at times to be harsh, it is generally believed to be the better policy to absolve the government from liability and compel the injured party to rely wholly on his right to recover against the individual responsible for his injury. Gibbons v. United States, 8 Wall. 269, 19 L.Ed. 453.

Appellees recognize the principle announced in the foregoing rule, but contend that it has no application where the state engages in a proprietary activity as distinguished from a governmental function and that a state, by engaging in the operation of public parks and particularly where it earns money from the operation thereof, is engaged in a proprietary or business activity and not in the discharge of a purely governmental function and is therefore liable in tort for the negligence of its agents. In support of their contention in this respect, appellees cite the City of Waco v. Branch, 117 Tex. 394, 5 S.W.2d 498, and other authorities, wherein it has been held that a city, in the operation of a public park, is engaged in a proprietary activity and is liable for damages growing out of the negligent operation thereof. From this it is contended that when the state engages in a like undertaking—the operation of a public park—it becomes liable in tort for the negligence of its agents.

While the evidence does show that the park board, during the year 1935, collected a total of over $4,000 for the use of concessions granted by it in various parks under its control, it is not contended that the funds so received approximated the amount necessarily expended in maintaining the state system of public parks. But this does not appear to be material, for, in our opinion, liability or nonliability does not depend on the question of whether money was earned in the operation of the parks, but on the capacity in which the parks were operated.

■ A brief discussion of the principle of sovereign immunity as enjoyed by a state and the right of a municipal corporation to share therein will aid not only in a solution of the question here under consideration, but also in harmonizing those decisions which hold that a state is never liable in damages for a tort and those which hold that a municipal corporation is liable where the tort grows out of a proprietary or business activity. All authority possessed by a state is that conferred on it as a sovereignty by the people and consequently it can act in no other capacity than that of a sovereignty. It is inherently and exclusively sovereign and must necessarily act as such at all times and in all capacities. As a sovereignty, it is immune from liability for torts and since it can act in no other capacity than that of a sovereignty, it is necessarily immune from liability for torts at all times and in all its capacities. 59 C.J. 195; Riddoch v. State, 68 Wash. 329, 123 P. 450, 42 L.R.A.(N.S.) 251, Ann.Cas. 1913E, 1033; Rauschan v. Gilbert, 80 Cal. App. 754, 253 P. 173; Davis v. State, 30 Idaho 137, 163 P. 373, Ann.Cas.1918D, 911. On the other hand, a municipal corporation may act in a dual capacity. It may carry on governmental functions as an agency of the state, in which event it shares the state's immunity and is exempt from liability for torts; or it may engage in proprietary or business activities of peculiar interest to itself and its inhabitants and not as agent for the state, in which event it is not a sovereignty, nor the agent of a sovereignty, and is not immune. In other words, a city has no sovereignty of its own and like-

wise no immunity of its own, but borrows its sovereignty from the state and is immune only in so far as it acts as an agent of the state. 30 Tex.Jur. 525; 43 C.J. 921; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57, par. 3; Riddoch v. State, supra. The character of the act being performed and out of which the cause of action arose is not alone determinative of liability or nonliability, but it is material only in determining whether or not the defendant, in the conduct in question, was acting as an agency of the state, in which event the immunity enjoyed by a sovereignty would attach; otherwise, it would not. This can be illustrated by considering the question of liability growing out of negligence in the repair of a roadway. Manifestly, if an individual, in the repair of his private roadway, should negligently inflict an injury, he would be liable because in so doing he would be acting for himself. On the other hand, if the state, in the repair of its own roadway, should injure one of its employees or fail to keep the road in repair and thereby inflict an injury, it would not be liable because in so doing it would be acting in its sovereign capacity. Brooks v. State, supra; State v. Flowers, supra. If a county should negligently fail to keep a roadway in repair, it would not be liable because the duty of repairing roads is imposed on the county by the state and in undertaking to discharge that duty it acts solely as agent of the state. Heigel v. Wichita County, 84 Tex. 392, 19 S.W. 562, 31 Am.St.Rep. 63. A city, by its incorporation, voluntarily assumes control of its streets for its private advantage and the advantage of its citizens and acts for itself and not as agent of the state in repairing its streets, and hence is liable for its negligence. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517. The same rule of immunity or non-immunity would apply in the operation of a privately or publicly owned park; that is, immunity would not depend alone on whether the negligence grew out of the operation of a park, but on whether or not, in the operation of the park, the defendant was acting for itself or as an agency of the state. In the case of City of Waco v. Branch, supra, the city of Waco was not operating a state park as agent for the state, nor in response to a duty imposed on it by the state, but was voluntarily operating its own park for its own peculiar advantage and hence it was responsible for the negligence of its agents. In the case at bar, the park in question was being operated by the state in its sovereign capacity, through the park board as its agent, and since the state is immune from all liability for tort, there was no liability in this case.

We have made a very thorough investigation of the authorities and have found none and counsel has cited none in which a state, in the absence of a statute or constitutional provision assuming liability, has been held liable in damages growing out of a tort. Appellees have cited the case of Arnold v. State, 163 App.Div. 253, 148 N.Y.S. 479, in which the state was held liable in damages for negligence growing out of the operation of a public race track, but an examination of that authority discloses that the state of New York, by statute, Code Civ.Proc. § 264, had expressly assumed liability for damages caused by "a wrongful act, neglect or default" on its part and had authorized the board of claims to hear and determine claims founded on its negligence. See 148 N.Y.S. 479, at page 484, par. 3. Appellees have also cited Chapman v. State, 104 Cal. 690, 38 P. 457, 43 Am.St.Rep. 158, in which a state was held liable for damages growing out of the improper operation of a public wharf, but an examination of that authority discloses that liability was placed on breach of a contract and not on tort. See analysis of that decision, Rauschan v. Gilbert, 80 Cal.App. 754, 253 P. 173, 176.

The Legislature, by granting permission to be sued, did not thereby admit liability nor create any liability in favor of the plaintiff, but it merely granted permission to test the matter of liability through the courts. 38 Tex.Jur. 856; State v. Isbell, 127 Tex. 399, 94 S.W.2d 423; Brooks v. State, Tex.Civ.App., 68 S.W.2d 534; State v. McKinney, Tex.Civ.App., 76 S.W.2d 556.

The judgment of the trial court is reversed and judgment is here rendered for the defendant.