**STATE et al. v. McDONALD et ux.**

No. 6431.

Court of Civil Appeals of Texas. Texarkana.

March 31, 1949.

Rehearing Denied April 21, 1949.

Price Daniel, Attorney General, Charles E. Crenshaw, Assistant Attorney General, R. B. Cousins, III, Assistant Attorney General, for appellants.

Norman, Stone, Rounsaville & Hassell, Jacksonville, Shook & Shook, Dallas, for appellees.

WILLIAMS, Justice.

E. D. McDonald and wife, plaintiffs below, recovered judgment against appellants, the State of Texas and the State Highway Department of Texas, defendants below, for damages as a result of the alleged negligence on the part of the driver of a truck and his supervisor employed by the department. The truck, owned by the department and being used at the time in hauling asphalt in repair of the highway, while being operated by its employee, and a truck being operated by plaintiffs, collided on a curve in a State farm-to-market road in Cherokee County, which damaged plaintiffs' truck and caused them substantial personal injuries.

Thereafter, the 50th Legislature in 1947 passed its House Concurrent Resolution No. 55, wherein after reciting the alleged negligence at the place and under the circumstances, briefly detailed above, and after the further recitation that plaintiffs were desirous of determining judicially the liability of the State and the State Highway Department for the alleged damages by a suit in a court having jurisdiction over said claim, it then provided that plaintiffs "be and they are hereby authorized to file suit against the State of Texas and the State Highway Department in the proper court having jurisdiction thereof to determine the damages, if any they may be entitled to recover; that the venue of such suit be placed in Cherokee County; that * * * said suit shall be tried as all other civil cases, reserving to either party the right of appeal." The last paragraph of this resolution reads: "Resolved, that nothing herein shall be construed as an admission of liability on the part of the State of Texas or the State Highway Department, and all of the allegations of negligence and damages shall be proved by the plaintiffs as in other suits."

Defendants offered no evidence on the issue of alleged negligence. Under various special exceptions and their motion for judgment, being timely urged, they then and now contend that such a suit as here involved could not legally be maintained against defendants, that is, this was a tort action against the State, and above resolution relied upon by plaintiffs was in violation of the Constitution of the State of Texas. This contention urged by the State is sustained.

In the absence of a constitutional or statutory provision therefor the State is not liable for the torts of its agents, servants, or employees. This doctrine has been unanimously applied by the courts of this State. State v. Brannan, Tex.Civ.App., 111 S.W.2d 347, w/r; Gotcher v. State, Tex.Civ.App., 106 S.W.2d 1104; State v. Morgan, 140 Tex. 620, 170 S.W.2d 652.

Appellees recognize above principle of law but seek to sustain the validity of this judgment on the claim that the State by virtue of above House Concurrent Resolution has consented to the prosecution of this suit and has waived immunity from liability for the alleged tort. If it be considered that the State under the wording of above resolution gave consent to be sued, it did not waive immunity from liability for the tort under the final paragraph of the resolution which reads: "That nothing herein shall be construed as an admission of liability on the part of the State of Texas or the State Highway Department. * * *"

If above House Concurrent Resolution be susceptible of the construction that it was the intent to waive immunity from liability as urged by plaintiffs, such would lend no validity to this judgment, for such resolution is unconstitutional. State Highway Dep't v. Gorham, 139 Tex. 361, 162 S.W.2d 934; Matkins v. State, Tex. Civ.App., 123 S.W.2d 953; Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000, 1001. The sections of the Constitution which vitiate the attempted waiver of immunity by the State for above alleged tort, are discussed in above cited cases.

Appellees assert that the legislature in sessions after sessions has passed bills and resolutions, at times a field day, granting permission to people to sue the State for alleged negligent acts of agents and employees of the various departments of the State, and later has authorized payments of judgments recovered. Appellees further assert that through the years the Attorney General's Department has urged the constitutional question as a defense to some of the suits so filed, while others have ignored or negligently handled such defense. Appellees devote considerable argument to other alleged favoritism and inequalities practiced by officials of the State by reason of which some injured parties are remunerated for their alleged damages while others are defeated in their efforts.

Such complaints of inequalities do not destroy the conclusion that the resolution here involved under this record is unconstitutional, but do lend emphasis to the reasons of the rule so pertinently expressed in Miller v. El Paso County, supra, as follows: "The purpose of this constitutional inhibition against the enactment of local or special laws is a wholesome one. It is intended to prevent the granting of special privileges and to secure uniformity of law throughout the State as far as possible. It is said that at an early period in many of the states the practice of enacting special and local laws became 'an efficient means for the easy enactment of laws for the advancement of personal rather than public interests, and encouraged the reprehensible practice of trading and "logrolling."'" 28 R.C.L. p. 820, Sec. 68.

The judgment of the trial court is reversed and here rendered for defendants.