**863-15** NO.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

JOSE VELEZ

V.

STATE OF TEXAS

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

From The 187th District Court
Trial Cause No. 2013-CR-0307C
Bexar County, Texas

---

On Petition For Discretionary Review From
The First Court Of Appeals Of Texas
at Houston, Texas
Appellate Cause No. 01-14-00544-CR

---

JOSE VELEZ
TDCJ-CID#1930040
COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY,TX 75884

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS  T.R.A.P.  68.4(a)

Page

INDEX OF AUTHORITY............................................... b

STATEMENT OF ORAL ARGUMENT....................................... i

STATEMENT OF THE CASE........................................... i

STATEMENT OF PROCEDURAL HISTORY................................. i

GROUNDS FOR REVIEW

    ONE:      WHETHER THE FIRST COURT OF APPEALS ERRED IN
            UPHOLDING THE TRIAL COURT'S DENIAL OF PETITIONER'S
            REQUEST FOR A LESSER INCLUDED OFFENSE INSTRUCTION
            OF MANSLAUGHTER BE INCLUDED IN THE COURT'S CHARGE?  1

    TWO:      WHETHER THE FIRST COURT OF APPEALS ERRED IN
            UPHOLDING THE TRIAL COURT'S DENIAL OF PETITIONER'S
            REQUEST THAT AN INSTRUCTION ON SELF DEFENSE BE
            INCLUDED IN THE JURY CHARGE?...................... 1

ARGUMENT ONE.................................................... 1-4

ARGUMENT TWO.................................................... 5-8

PRAYER FOR RELIEF.............................................. 9

CERTIFICATE OF SERVICE......................................... 9

APPENDIX...................................................... 10

# INDEX OF AUTHORITY   T.R.A.P. 68.4(b)

Cases                                                                    Page

Aguilar v. State,682 S.W.2d556,558(Tex.Crim.App.1985).......... 2

Almanza v. State,686 S.W.2d 157(Tex.Crim.App.1984)............. 3,6

Bennett v. State,235 S.W.3d 241,243(Tex.Crim.App.2007)......... 6

Cavazos v. State,382 S.W.3d 377,383(Tex.Crim.App.2012)......... 1

Chapman v. State,921 S.W.2d 694,695(Tex.Crim.App.1996)......... 6

Durden v. State 290 S.W.3d 413(Tex.App.-Texarkana 2009)........ 3

Hamel v. State,916 S.W.2d 491(Tex.Crim.App.1996).............. 8

Juarez v. State,308 S.W.3d 398,404-05(Tex.Crim.App.2010)....... 5

Martinez v. State,16 S.W.3d 845-848(Tex.App.-Houston[1st Dist.]
2000)......................................................... 3

Mathis v. State,67 S.W.3d 918,926(Tex.Crim.App.2002)........... 2

Ryser v. State,01-13-00634-CR(Tex.App.-Houston[1st Dist]
November 25, 2014)............................................ 7

Shaw v. State,243 S.W.3d 647,657-58(Tex.Crim.App.2007)........ 5

Thomas v. State,678 S.W.2d 82,84(Tex.Crim.App.1984)........... 8

## STATUTES & RULES

TEX.R.APP.PROC. 68.4(a)....................................... a

TEX.R.APP.PROC. 68.4(b)....................................... b

TEX.R.APP.PROC. 68.4(c)....................................... i

TEX.R.APP.PROC. 68.4(d)....................................... i

TEX.R.APP.PROC. 68.4(e)....................................... i

TEX.R.APP.PROC. 68.4(f)....................................... 1

TEX.R.APP.PROC  66.3(f)....................................... 1

TEX.R.APP.PROC. 66.3(e)....................................... 1

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Jose Velez, pro se and respectfully submits this Petition for Discretionary Review and requests that this Court grant review of this cause. He will show the following in support thereof:

### STATEMENT REGARDING ORAL ARGUMENT   T.R.A.P. 68.4(c)

Petitioner requests oral argument as the issues require detailed explanation to fairly vindicate his claim.

### STATEMENT OF THE CASE   T.R.A.P. 68.4(d)

Petitioner was charged with the murder of Juan Malacara Romero. It was alleged that on or about October 15,2012 that petitioner with intent to cause serious bodily injury did strike Romero with his hand and foot.(CR:5) The State sought to enhance punishment with a prior felony of indecency w/child by exposure.(CR:12-13) Petitioner was tried and found guilty but not before timely requesting a charge on manslaughter and self defense. The Court denied these and he was sentenced to (45) forty-five years in Texas Department of Criminal Justice Institutions Division and assessed a $10,000.oo fine. (CR:85-86 & RR 2:1 ) He timely appealed.

### STATEMENT OF PROCEDURAL HISTORY   T.R.A.P. 68.4(e)

In trial cause number 2013-CR-0307C from the 187th District Court of Bexar County,Texas petitioner was convicted May 9,2012 by a jury. Punishment was assessed at (45) forty-five years,$10,000.00 fine. (Cr:85-86 & R2:1) He gave notice of appeal. The First Court of Appeals affirmed in an unpublished opinion issued June 4, 2015. Rehearing was filed and denied July 2,2015. The Court granted a (60) day extension to file PDR.

-i-

GROUNDS FOR REVIEW   T.R.A.P. 68.4(f)

ONE:   WHETHER THE FIRST COURT OF APPEALS ERRED IN UPHOLDING
       THE TRIAL COURT'S DENIAL OF PETITIONERS REQUEST FOR A
       LESSER INCLUDED OFFENSE INSTRUCTION OF MANSLAUGHTER BE
       INCLUDED IN THE COURT'S CHARGE?

TWO:   WHETHER THE FIRST COURT OF APPEALS ERRED IN UPHOLDING
       THE TRIAL COURT'S DENIAL OF PETITIONERS REQUEST THAT
       AN INSTRUCTION ON SELF DEFENSE BE INCLUDED IN THE JURY
       CHARGE?


REASON FOR REVIEW   T.R.A.P.   66.3(e)

WHETHER THE JUSTICES OF THE FIRST COURT OF APPEALS HAS DISAGREED
ON A MATERIAL QUESTION OF LAW NECESSARY TO THE COURT'S DECISION?


ARGUMENT ONE:

Petitioner was charged with Murder,pursuant to Tex.Penal Code 19.02(b)(2) which provides:

(a) A person commits an offense if he intends to commit serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

(CR: 5) Prior to submitting the guilt-innocence charge to the jury, Petitioner requested that the trial court submit the lesser included offense of manslaughter. This request was denied. (R: 5-6)

A person commits manslaughter if he recklessly causes the death of an individual. Tex.Pen.Code §19.04. This Court has determined that manslaughter is a lesser-included offense of murder under Texas Penal Code §19.02(b)(2). Cavazos v. State,382 S.W.3d 377,383 (Tex.Crim.App.2012). The Court determined in Cavazos that "causing death while consciously disregarding a risk that death will occur differs from intending to cause serious bodily injury with a resulting death only in the respect that a less culpable mental state establishes its commission. Cavazos, id. at 385.

-1-

A two-prong test applies to whether a jury charge on a lesser must be given: first, the lesser included offense must be included within the proof necessary to establish the offense charged, and second, some evidence must exist in the record that if the defendant is guilty he is guilty only of the lesser offense. Aguilar v. State, 682 S.W.2d 556, 558 (Tex.Crim.App.1985); Mathis v. State, 67 S.W.3d 918, 926 (Tex.Crim.App.2002).

As indicated above the first prong of the test has been met. As to the second, the record clearly establishes that a jury could have found from the evidence that rather than intending serious bodily injury the conduct of the actors was reckless instead, in that they were aware of but consciously disregarded a substantial and unjustifiable risk that the circumstances existed or that the result would occur. Tex.Pen.Code §6.03(c).

As evidenced by the testimony of Larry Castro, it demonstrates that all three actors were trying to keep the complainant from reaching in his pocket and that there was no intent to kill him. ( R 4 : 21-22 ) There were no weapons used during the incident, such as a firearm, or a knife or a club, and the intent of the participants was ambiguous to say the least. The jury could have determined that the intent of the actors was to prevent the deceased from drawing a weapon or to cause injury not amounting to serious bodily injury.

The testimony of Bernardo Crisanto, the other co-defendant, is likewise instructive. He testified that there was no plan in place to attack the complainant and it was not his intent to seriously injure him. (R 3: 189,195 ) Even during questioning Crisanto, while admitting to knowing that he was hurting the complainant

-2-

did not claim that he knew he or the others were causing serious bodily injury. (R 3: 196)

Further, the complainant did not die of an observable injury, but rather due to an internal injury that had to be determined by the medical examiner. The physical altercation between all of the parties was likewise brief; lasting about half a minute according to the video capture of the incident. (R8: State's Exhibit 3) Accordingly this is not a case where intent can be inferred from the actions of the participants, such as a case in which the deceased is shot with a gun or stabbed with a knife. Martinez v. State 16 S.W.3d 845-848(Tex.App.-Houston[1st Dist.]2000).

STANDARD OF REVIEW

The standard of review for claims of a jury charge error is set out in Almanza v. State, 686 S.W.2d 157(Tex.Crim.App.1984). A court will first determine if there is error in the jury charge. If there is error, then the court will next determine whether the error was the subject of a timely objection. In the event that there is a timely objection, the court's judgment is reversed if the error is calculated to injure the rights of the defendant. Tex.Code Crim.Proc. Art. 36.19. This standard requires proof of no more than some harm to the accused from the error. Durden v. State, 290 S.W.3d 413(Tex.App.-Texarkana 2009). The harm in this case is evident and the First Court of Appeals erred in failing to recognize the degree of harm here to petitioner. Had the jury found him guilty of manslaughter he would have been subjected to a reduced punishment range where the minimum range of punishment would have began at five years rather than fifteen with a maximum of twenty rather than 99 or Life. This difference is significant.

-3-

The record supports the contention that petitioner made a timely request for an instruction and was denied by the trial court.( R5: 5-6 ) The degree of harm is significant as it subjects petitioner to a wider range of punishment starting at 15 years. The error is how can petitioner not be eligible for a charge on manslaughter when he was acting in concert with others whom were eligible for said charge. And he clearly was not the precipitator of the events that day. It is a reasonable 'deduction' from the evidence that Larry Castro possessed the motive to protect himself from complainant. Castro was the reason for petitioner's presence and the 'impetus' for the attack, if any.

The Justices of the First Court of Appeals have failed to give proper deference to the testimony of Larry Castro who claimed self defense. The record reflects that petitioner was a friend of Castro whose sole presence was because of Castro giving support to the reasonableness of the inference that Castro's fear fed the other co-defendants. Therefore, the Court of Appeals erred in failing to recognize the need for a charge on a justification defense or manslaughter in this case. Accordingly, the Justices have disagreed on a material question of evidence in this case which should favor petitioner. Review should be granted so this court may decide this point. T.R.A.P. 66.3(e).

Having met all prerequisites as to request for charge,denial, objection, harm and facts in the record to support said charge petitioner is without an adequate remedy at law, save the discretion of this court. In factoring harm,it must be considered that petitioner received twice the amount of time as his co-defendants for an un-planned altercation where no guns or knifes were used.

-4-

ARGUMENT TWO:

The Court of Appeals erred in upholding the trial court's denial of petitioner's request that an instruction on self defense be included in the jury charge. Prior to submitting the guilt-innocence charge to the jury, petitioner requested that the trial court instruct the jury on the law of self defense. This request was denied. ( R5: 4 )

Applicable Law

The trial court admitted prior testimony of co-defendant Larry Castro. This testimony raised the factual issue of self defense,not only as it applied to Castro himself, but also as it applied to petitioner. Castro claimed that he was trying to keep the complainant's hands out of his pockets because he believed him to be carrying a weapon and that petitioner had instructed the complainant to take his hands out of his pocket; which he refused to do. ( R4 : 19-24 )

The trial court is required (obligated) to give a requested instruction on every defensive issue raised by the evidence without regard to its source or strength, even if the evidence is contradicted or is not credible. Juarez v. State, 308 S.W.3d 398, 404-05 (Tex.Crim.App.2010). Even a minimum quantity of evidence is sufficient to raise a defense as long as the evidence would support a rational jury finding as to the defense. A defense is supported (or raised) by the evidsence if there is some evidence, from any source, on each element of the defense that, if believed by the jury would support a rational inference that the element is true. Shaw v. State, 243 S.W.3d 647,657-58(Tex.Crim.App.2007)

-5-

A defendant at trial preserves error if the requested charge is specific enough to put the trial court on notice of the omission or error in the charge, and the requested charge need not be in "in perfect form" but only sufficient enough to bring the request to the trial court's attention. Chapman v. State, 921 S.W.2d 694, 695(Tex.Crim.App.1996). "Magic words" are not required; a complaint will be preserved if the substance of the complaint is conveyed to the trial judge. Bennett v. State, 235 S.W.3d 241,243(Tex.Crim.App. 2007). Petitioner was charged with murder; therefore it was abundantly clear that he was requesting a self defense instruction on the law of deadly force in defense of person pursuant to Texas Penal Code § 9.32. The evidence from Castro that the complainant was reaching for an object in his pocket and that an object was in his pocket are sufficient to raise the issue of self defense.

STANDARD OF REVIEW

In assessing harm for an erroneously omitted defensive issue a four part analysis is applied: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. Almanza v. State, 686 S.W.2d 157,171(Tex.Crim.App.1984).

In petitioner's case since the trial court refused both his requested instructions on self defense and the lesser offense of manslaughter the jury was left with no option but to find petitioner guilty of murder if they found he acted together with his co-defendants.

An instruction on self defense would have allowed the jury

to consider if petitioner himself felt that his own life was in danger during the altercation. Just as importantly, it would have allowed the jurors to determine whether an offense was committed at all. If the jurors found that Larry Castro, who was the first one to contact the complainant, was justified in using force to protect himself because of the complainant's threats they could have reasonably concluded that petitioner was not assisting in an unlawful act but in another person's justified use of force.

In Ryser v. State, the First Court of Appeals recently held that self defense is not necessarily personal to a defendant on trial. The defendant in that case was a law enforcement officer on trial for official oppression. As a defense he raised the justification defense that a peace officer "is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to make or assist in making an arrest." Tex.Pen.Code §9.51. In order to place this defense in proper context the trial court granted the state's request that the jury also be instructed concerning the limits of use of force by police officers pursuant to Tex.Pen.Code §9.31(c). Specifically, where a suspect may use force in response to unlawful force. Ryser v. State, 01-13-00634-CR(Tex.App.-Houston[1st Dist]November 25, 2014).

In holding that this was proper the First Court of Appeals determined that self defense is relevant not only from a defendant's perspective but also from the perspective of the relevant actor. Ryser, id. at 21. In Ryser the relevant actor was not the defendant but the alleged victim. In petitioner's case the relevant actors are both himself and Larry Castro. In Ryser, it was also determined

-7-

that self defense could be raised without the testimony of a relevant actor, but from other facts and circumstances as well. Ryser, id.,at 21-22.

The Justices of the Court of Appeals erred in upholding the trial court's denial of petitioner's request for a self defense instruction. This denial effectively denied petitioner a right to put on a defense. It is settled law in Texas that a defendant may raise multiple defensive theories at trial. Hamel v. State,916 S.W.2d 491(Tex.Crim.App.1996); Thomas v. State,678 S.W.2d 82,84(Tex.Crim. App.1984)(holding defendant entitled to admission of every defensive issue raised by the evidence,even if the defense may be inconsistent with other defenses.) This Court is the ultimate finder of fact in criminal cases in Texas and has upheld the right to a defendant's right to be able to present a defense at trial even multiple theories for the juries consideration. In this case the First Court of Appeals has misapprehended the right of petitioner to be charged on self defense where the testimony of a relevant actor not defendant's testimony made self defense relevant. Based on this Court's case law (precedent) the Justices of the First Court of Appeals have sanctioned a departure by a lower court as to call for an exercise of this Court's power of supervision. The Court of Appeals has misapprehended the right to present a defensive theory or multiple theories. And or the right of defendant to react to "apparent" danger as though it was real. The testimony of Larry Castro admitted in petitioner's trial raised several issues which the Justices fail to give deference. Petitioner has a right to defend a third party from real or apparent danger. He has a right to defend himself based on the real or apparent fear of Larry Castro.

-8-

This court should grant review of this issue and allow full briefing and appointment of counsel to resolve this situation from petitioner's perspective. It must be considered by this Court that petitioner 's trial cannot be called reliable when he was denied an opportunity to present a defense at trial. Further, based on this Court's precedent the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Texas Court of Criminal Appeals' power of supervision.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, petitioner respectfully prays for the relief requested or other equitable relief the Court may deem just.

Respectfully submitted,

Jose Velez#1930040
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx 75884

## CERTIFICATE OF SERVICE

I, Jose Velez, hereby certify that a true and correct copy of this Petition for Discretionary Review was mailed to the Clerk of the Texas Court of Criminal Appeals postage prepaid to P.O. Box 12308 Capitol Station, Austin, Texas 78711.

Executed on this 26th day of September 2015.

signature



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-14-00544-CR

---

JOSÉ VELEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 187th District Court
Bexar County, Texas[1]
Trial Court Case No. 2013-CR-0307C

---

## MEMORANDUM OPINION

The State charged José Velez with the murder of Juan Malacara Romero. The indictment included an enhancement paragraph alleging that Velez had a

---

[1] On July 1, 2014, the Texas Supreme Court ordered this appeal transferred from the Court of Appeals for the Fourth District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases). We are unaware of any conflict between the precedent of the Court of Appeals for the Fourth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

After a trial, a jury found Velez guilty of murder and found the enhancement paragraph true. It assessed a punishment of 45 years' imprisonment and a $10,000 fine.

On appeal, Velez contends that the trial court erred in denying his requests for two jury instructions, one on the lesser-included offense of manslaughter and the other on the law of self-defense. We affirm.

## Background

Romero and Larry Castro were regulars in a pool league that met Monday evenings at a sports bar in San Antonio. They had once played on the same team, but by 2012, they played on opposing teams. One Monday evening in October 2012, they were participating in a league tournament when two men, later identified as Velez and Bernard Crisanto, walked into the bar. Crisanto had accompanied Velez into the bar because Velez had told him that he needed to go there to pick up some money.

The bar owner did not recognize Crisanto and Velez, but later recalled having noticed them because they both were tall and one was wearing a muscle shirt, which violated the bar's dress code. While the owner considered whether to ask Crisanto and Velez to leave because of the violation, the two men approached Castro. Within a few minutes—before the bar owner spoke to them—all three men left the bar together.

In the meantime, Romero had left the bar to buy cigarettes at the convenience store across the street. Crisanto and Velez walked into the store, followed Romero out, and confronted him. Romero acknowledged the two men. He seemed to look behind them, where Castro was standing, then suddenly started running back to the store. Castro charged forward and pushed Romero into the door, pinned him, and threw him to the pavement. Then, Castro grabbed Romero's leg and pulled him between two cars parked in front of the store. Castro began kicking Romero, and Crisanto and Velez joined in. Crisanto kicked Romero in the head, while Velez kicked him in the abdomen. The men were significantly larger than Romero; Romero tried to fight back, but eventually rolled into a ball and lost consciousness.

Velez, Castro, and Crisanto stopped kicking Romero and left the scene shortly after he became unconscious. Castro returned to the bar, agitated. He retrieved his pool cues, and he and his wife abruptly left the bar. The other two men, who had parked their cars nearby, also left the area.

A convenience store employee called 9-1-1 when he saw the fight begin. After the three assailants left the scene, another employee attended to Romero and stayed with him until the emergency responders arrived. A security video camera at the convenience store captured the entire incident.

Romero died that evening. He had several blunt force injuries, abrasions, and contusions on his face, abdomen, back and arms, multiple rib fractures, and internal bruising in two areas deep beneath his scalp. The forensic pathologist from the Bexar County Medical Examiner's office who performed the autopsy ruled that the cause of Romero's death was homicide through blunt force trauma to the chest, which caused a large tear through the epicardium, the membrane between the pericardium and the outer surface of the heart.

After the State rested its case in chief, the defense proffered an excerpt of Castro's testimony from his trial. In the portion read to the jury in this case, Castro stated that he was in fear for his life when he saw Romero because Romero had previously threatened to kill him and had beaten him with a cue ball. Castro explained that he had been warned by other pool tournament participants not to come to the tournament because Romero was going to be there. Castro recounted that when he saw Romero in front of the convenience store, Romero had his hand in his pocket and that he kept trying to reach into his pocket even after Castro knocked him to the ground. Castro testified that he kicked Romero's hands to keep him from reaching into his pocket. The homicide detectives did not recover any weapons from Romero, only a cell phone.

# Charge Error

## I. Standard of Review

Both of Velez's issues complain that the trial court erred in refusing to submit tendered instructions to the jury. In analyzing a jury-charge issue, we first must decide if error exists. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh'g); *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd); *see Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (explaining that preservation of charge error does not become issue until court determines that harm exists); *see also Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008); *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). When, as here, the appellant has properly preserved the claimed error by a timely objection to the charge, the conviction will require reversal "as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. The Court of Criminal Appeals has interpreted this to mean that any harm, regardless of degree, is sufficient to require reversal. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); *see Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000) (reversal required if error "was calculated to injure the rights of the defendant"— that is, that defendant suffered "some harm"). In deciding whether appellant suffered some harm, we consider: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence;

5

(3) counsel's argument; and (4) the whole record. *Abdnor v. State*, 871 S.W.2d 726, 739–40 (Tex. Crim. App. 1994); *Almanza*, 686 S.W.2d at 171. The "some harm" test does not mandate reversal on a showing of possible harm—it requires that the appellant establish actual harm. *Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999). The appellate court reviews the evidence and any part of the record as a whole that illuminates "the actual, not just theoretical, harm to the accused." *Id.* at 643; *Almanza*, 686 S.W.2d at 174.

## II.    Refusal of manslaughter instruction as lesser-included offense

Velez first contends that the trial court committed harmful error by failing to charge the jury with the lesser-included offense of manslaughter.

### A.    Applicable law

An offense qualifies as a lesser-included offense of the charged offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006).

6

We employ a two-pronged test in determining whether a defendant is entitled to an instruction on a lesser-included offense. *See Sweed v. State*, 351 S.W.3d 63, 67 (Tex. Crim. App. 2011); *Ex parte Watson*, 306 S.W.3d 259, 262–63 (Tex. Crim. App. 2009); *see also Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). The first prong of the test requires the court to use the "cognate pleadings" approach to determine if an offense is a lesser-included offense of another offense. *See Watson*, 306 S.W.3d at 271. The first prong is met if the indictment for the greater-inclusive offense either: "(1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Id.* at 273. This is a question of law, and it does not depend on the evidence to be produced at trial. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); *Hall*, 225 S.W.3d at 535.

The statutory distinction between murder and manslaughter is that murder requires a defendant to have intended to cause serious bodily injury and to have committed an act clearly dangerous to human life that causes the death of an individual, while a defendant need only have acted recklessly to be guilty of manslaughter. *Compare* TEX. PENAL CODE ANN. §§ 19.02(b)(1) & (2) (West 2011) (providing, in pertinent part, that a person commits murder "if he intentionally or

7

knowingly causes the death of an individual, or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual") *with id.* § 19.04 (providing that a person commits manslaughter "if he recklessly causes the death of an individual"). The Court of Criminal Appeals has determined that manslaughter is a lesser-included offense of murder under section 19.02(b)(2) of the Penal Code, the statutory basis for Velez's indictment. *See Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012). Accordingly, Velez's request meets the first prong.

A defendant is entitled to a requested instruction on a lesser-included offense when some evidence in the record would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Hall*, 225 S.W.3d at 536 (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). "The credibility of the evidence, and whether it conflicts with other evidence, must not be considered in deciding whether the charge on the lesser-included offense should be given." *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd) (citing *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992)). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge of a lesser-included offense, but it is not enough that the jury may disbelieve crucial evidence

8

pertaining to the greater offense. *Hall*, 225 S.W.3d at 536; *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

For a manslaughter instruction to be proper, the record therefore must contain some affirmative evidence from which a rational jury could infer that Velez was aware but consciously disregarded a substantial and unjustifiable risk that Romero's death would occur as a result of his conduct. *See* TEX. PENAL CODE ANN. § 6.03(c) (West 2011) (defining "reckless"); *Cavazos*, 382 S.W.3d at 385.

## B. Analysis

Velez relies on the excerpt of Castro's testimony from Castro's earlier trial as evidentiary support for his requested manslaughter instruction. Velez points to: (1) Castro's testimony that neither he, Velez, nor Crisanto used weapons in the attack and Castro tried to keep Romero from reaching into his pockets because he feared that Romero had a weapon; (2) Crisanto's testimony that he did not plan to attack Romero and did not intend to seriously injure him; and (3) evidence that Romero did not appear mortally wounded because he died from internal injuries rather than external, observable ones.

Nothing in the record suggests that Castro communicated his fears about Romero carrying a weapon to Velez. Castro conceded that he did not tell Velez that Romero might have a gun or a knife. Further, Castro did not ask Velez or Crisanto to help with the assault; they simply joined in. The three men easily

9

could have overpowered Romero and taken any weapon from him, but they did not attempt to do so: instead, the video reveals that Crisanto kicked Romero in the head while Velez kicked him in the abdomen. More important, the men continued to assault Romero even after Romero stopped resisting, until he became unconscious. No affirmative evidence in the record supports a reasonable inference that Velez did not intend to commit serious bodily injury as he repeatedly kicked Romero with sufficient force to break multiple ribs and mortally wound him. *See* TEX. PENAL CODE ANN. § 19.04; *cf. id.* § 19.02(b)(2) (providing that person commits murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual"). The record does not permit a rational finding that Velez is guilty only of manslaughter. *See Hall*, 225 S.W.3d at 536. We therefore conclude the trial court did not err in denying Velez's request for a manslaughter instruction.

## C. Refusal of self-defense instruction

In his second issue, Velez contends that the trial court erred in refusing to submit his requested jury instruction pursuant to Texas Penal Code section 9.04, relating to self-defense. We review a trial court's denial of a request to include an instruction on a defensive issue in the charge for an abuse of discretion, and we view the evidence in the light most favorable to the defendant's requested submission. *See Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006);

10

*Love v. State*, 199 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Velez again relies on Castro's testimony to support his request for a self-defense instruction. According to Velez, the evidence of Castro's fear that Romero was reaching for a weapon also raises a factual issue concerning whether Velez was acting in self-defense.

We disagree. "[A] defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct." *Shaw*, 243 S.W.3d at 659; *see Ford v. State*, 112 S.W.3d 788, 794 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (explaining that assertion of defense is inconsistent with denial of charged conduct).

Velez denied committing murder. He did not proffer any evidence admitting to the elements of the offense, and no evidence supports a reasonable inference that Velez reasonably believed that Romero would cause Velez serious bodily injury. Accordingly, the trial court properly concluded that Velez was not entitled to the requested jury instruction on self-defense. *See Lavern v. State*, 48 S.W.3d 356, 360 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that if no evidence suggests accused responded to, or believed he was responding to use of unlawful force, he is not entitled to self-defense instruction).

11